## INHABITANTS OF WESTPORT *vs.* COUNTY COMMISSIONERS OF BRISTOL.

Bristol.    October 22, 1923. — November 27, 1923.

Present: RUGG, C.J., DeCOURCY, PIERCE, & JENNEY, JJ.

*Certiorari. Evidence,* Competency.    *Tax,* Assessment, Abatement.    *County Commissioners.    View.*

Upon a petition for a writ of certiorari directed to a board of county commissioners, findings of fact by such board are not open to review or revision, the only matter presented being the correction of substantial errors of law apparent on the record of the board.

A board of county commissioners, in their return made upon a petition for a writ of certiorari to quash an order by them granting an abatement of taxes, need not report evidence produced before them in support of their findings in whole or in its different parts: a report of such evidence would be irregular and would be an unnecessary encumbrance of the record.

After opinion evidence, produced by a corporation at a hearing by county commissioners of its complaint in the nature of an appeal from a refusal of assessors of the town to abate a tax assessed upon it, has been admitted without objection and the witnesses have been dismissed, it is too late for the town to raise questions as to the competency of such evidence.

The element of water power in connection with mill power is not a distinct and independent item of property, and, in assessing the property for the purpose of taxation, it is to be considered as affecting the value of the real estate.

Opinion evidence, which, at a hearing by county commissioners of a complaint in the nature of an appeal by a corporation from a refusal by assessors of taxes of a town to abate a tax, was given by experts summoned by the corporation, and in which they set a value on a water power privilege used by the corporation in connection with its property by a computation of the amount and cost of steam power saved by the use of the water for production of power, is not as a matter of law rendered valueless by reason of the fact that the witnesses testified that they based their valuation of the water power on the amount of water actually used by the mills of the corporation during the year and that, if the mills had used twice as much water, the value would be double, while if they had used one half as much the value would be reduced one half.

At a hearing to determine the fair cash value for the purposes of taxation of land with water power privilege, a view taken by a tribunal like county commissioners, presumably composed of practical men somewhat experienced by virtue of their office in estimation of land values, cannot be said to furnish no basis for estimation of value.    Per RUGG, C.J.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on November 3, 1922, and afterwards

amended, for a writ of certiorari directing the county commissioners of the county of Bristol to certify the records relating to a petition of Westport Manufacturing Company for an abatement of taxes assessed upon its property by the assessors of the town of Westport, and for a decree that an order by the county commissioners made upon such petition be declared illegal and be quashed.

Material allegations of the petition as amended are as follows, the numbers representing paragraphs of the amended petition: (1) The petitioner is a municipal corporation. (2) The respondents are the board of county commissioners of the county of Bristol. (3) On April 1, 1921, the petitioner assessed the Westport Manufacturing Company with taxes in the amount of $10,360 based upon assessments of its mill No. 1, " land with privilege and buildings," in the amount of $164,000, its mill No. 2, " land with privilege and buildings," in the amount of $77,000, and other real estate in the amount of $59,000, making the entire assessment upon real estate $300,000; that its machinery was assessed at $50,000, and that such assessment constituted a full and fair cash value of the property. (4) Westport Manufacturing Company petitioned the board of assessors to abate the tax. The board of assessors refused the abatement and the company appealed to the board of county commissioners. (5) The county commissioners gave a hearing to the company and to the town. (6) Opinion evidence was presented by the company relating to the values of the land apart from water power and buildings, of water power alone, and of buildings alone. The only evidence of the value of water power offered by the company was that of two experts named Marvell and Prell. The town offered two experts. (7) A correct transcript of the testimony of Marvell was alleged to be annexed to the petition. From that transcript it appeared that he made up his figures to show the value of the water power on the basis of what the use of water power saved the corporation in coal and labor which would have been expended had steam power been used. He admitted that his valuation of the water power was based on the amount of water actually used by the

mill during the year, disregarding all the water that was running to waste. He further stated that he would reduce his value one half if the plant ran only every other day. (8) Prell made a similar admission. A transcript of his testimony also was annexed to the petition, and from that it also appeared that his figures were arrived at by the saving from the use of water power instead of steam power.

(9) The petitioner requested that the county commissioners make the following findings:

" The fact that witness Marvell based his value of the water power on the amount of water actually used by the mill during the year, disregarding all the water which was running to waste and that he would have reduced his values one half if the plant run only every other day, makes his evidence inadmissible on the question of value of the water power.

" The fact that witness Prell based his value of the water power on the amount of water actually used by the mills during the year, that if the mills used twice as much water the value would be double and if they used one half the quantity the value would be reduced one half, makes his evidence inadmissible on the question of value of the water power."

(10) The county commissioners denied the requests for findings and determined the value of the real estate and machinery as of April 1, 1921, to be: real estate, $197,028.35, machinery $40,714.38; and ordered that the assessment be abated in the sum of $3,322.82. (11) The petitioner averred that the testimony of the witnesses Marvell and Prell was incompetent and harmful, and that its admission and the refusal to make the findings requested were errors of law.

(12) It further was alleged that no competent evidence was submitted by the company relative to the value of the water power and that the company therefore did not prove that the assessed valuations placed on the mill properties were in excess of the fair cash value of the properties. (12-a) There was no evidence by any witness of the value of the land, water power and buildings as a whole, nor (12-b) as to

the value of the water power either with or apart from the land, except as mentioned in paragraph 6.

(12-c) " There was no evidence upon which the commissioners could find that the assessed values of ' the mill properties ' were in excess of the fair cash value of said properties unless the evidence of Marvell and Prell on the value of water power was admitted and considered." (12-d) The county commissioners had a complete transcript and record of the evidence taken at the hearing before them.

The county commissioners filed a return to which they annexed a certified copy of the proceedings before them but did not annex a transcript of the evidence. The allegations in the return were as follows:

" The complainant, the Westport Manufacturing Company, is a corporation engaged in manufacturing various articles such as twine from cotton waste. It does not make cloth. The company's plant is located midway between Fall River and New Bedford. It consists as far as concerns these proceedings of two small mills located on a stream with land, water power, buildings, machinery, woodland and tenements. The plant and buildings constitute a small mill village known as Westport Factory. There is no other industry at or near the company's property; the mill buildings are old, one mill being very old and the newer of the two having been built about fifty years ago. There has since been no mill construction in that vicinity. The machinery in these mills is old. Both mills use water power in connection with steam power. A thorough and minute examination of the company's property was made by the commissioners at a view taken by them. In determining the full and fair cash value of the company's plant, the commissioners considered the plant as a whole including buildings, land and water power, valuing each item as it is used in connection with all other items. The commissioners found that there was no demand or market for the water power owned by the company for any purpose other than that for which it was being used; that the full and fair cash value of the real estate including water power was $197,028.35; that, valuing the water power as a separate

item not connected with the company's property and valuing the company's remaining property with the water power eliminated from it, the total so obtained would not equal in value the items valued together as manufacturing plants and would not equal the amount above stated.

" The respondents certify that the statements contained in the first, second, fourth, fifth, ninth and tenth clauses of the petition are true. Also that all of the statements contained in the third clause thereof excepting the statement that the assessment constituted a full and fair cash value of the property assessed are true. With regard to clauses sixth, seventh and eighth thereof, the respondents say that witnesses Marvell and Prell testified relative to the value of the water power owned by the Westport Manufacturing Company as set out in . . . [the transcripts of testimony annexed to the petitioner's petition, except in particulars not material].

" The evidence of witnesses Marvell and Prell was admitted without objection.

" The commissioners for the purpose of arriving at a full and fair cash value of the whole property assessed, took into consideration the testimony of the value of separate items; that this method of ascertaining value was necessary on account of the nature of the property assessed; that such evidence was introduced at the hearing by both parties and without objection by either party. No witness appeared before the commissioners qualified to testify as to the value of these particular plants as a whole including all of the elements of value. The witnesses whose names are set out in paragraph sixth were the only parties who testified as to the value of the water power.

" The commissioners have a transcript and record of the evidence taken at the hearings before them."

The petitioner demurred to the return on the following grounds:

" 1. The respondents by their return to petition as amended, do not set forth the record of evidence in support of their findings of fact.

" 2. The respondents do not set forth the evidence in support of their finding that ' there was no demand or market for the water power owned by the company for any purpose other than that for which it was being used.'

" 3. The respondents do not set forth the evidence in support of their finding that ' valuing the water power as a separate item not connected with the company's property, and valuing the company's remaining property with the water power eliminated from it, the total so obtained would not equal in value the items valued together as manufacturing plants, and would not equal the amount above stated [$197,028.35.].'

" 4. The respondents neither admit nor deny the allegations in paragraph 12-c of the petitioners' amendment to petition for writ of certiorari, nor do they set forth any evidence in relation thereto."

The case was heard upon demurrer to the return by *Braley*, J., who overruled the demurrer and ordered the petition dismissed. At the request of the petitioner, the single justice reported all the questions of law involved for determination by the full court.

*A. E. Seagrave*, (*C. L. Baker* with him,) for the petitioner.

*F. S. Hall*, for the respondents.

RUGG, C.J. This is a petition for a writ of certiorari. The petitioner demurred to the return. The demurrer was overruled and an order was made that the petition be dismissed. The questions of law thus raised were reported for our determination.

The case relates to taxes assessed upon property of the Westport Manufacturing Company in the town of Westport. The company applied for abatement and upon denial by the assessors appealed to the county commissioners under G. L. c. 59, § 64. The property in question consisted of a manufacturing establishment whose buildings and machinery were old. The power for the operation of the plant was furnished chiefly by steam and partly by the development of the water power of a stream on which it was located.

The only matter presented for consideration on a petition for a writ of certiorari is the correction of substantial errors of law apparent on the record of an inferior tribunal whose course of procedure is not according to the common law. Findings of fact are not open to review or revision. *Hogan* v. *Collins*, 183 Mass. 43, 46. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 546. The question to be determined is whether the return of the respondents shows such harmful error of law as to satisfy us that substantial justice requires the writ to issue. *Haven* v. *County Commissioners*, 155 Mass. 467.

It is not contended that the respondents did not follow the correct rule of law in its abstract statement for determining the value for taxation purposes of the property in question. The rule they adopted was sufficiently favorable to the petitioner. *Massachusetts General Hospital* v. *Belmont*, 233 Mass. 190, and cases there reviewed; *S. C.* 238 Mass. 396, 402. Compare *Boston* v. *Lawrence*, 119 Mass. 126, 128, 132. *Smith* v. *Commonwealth*, 210 Mass. 259.

The several grounds of demurrer to the return were overruled rightly. A report of the evidence in support of the findings of fact in whole or in its different parts formed no proper part of the return of the respondents, would have been irregular and would have been an unnecessary encumbrance of the record. *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, 217. It does not appear that any question of law was raised at the hearing before the county commissioners as to any one of the several matters of law set forth in the demurrer. In any event they are without merit.

The return of the respondents shows that no exception was taken to any evidence introduced at the hearing before them. It is now argued that the testimony of two witnesses was inadmissible and should have been disregarded. That contention cannot be sustained. These witnesses testified as experts. Their qualifications in this particular cannot now be successfully assailed. *Stein* v. *Strathmore Worsted Mills*, 221 Mass. 86, 90. No objection was made to their testimony at the time. It was too late after the witnesses

were dismissed to raise questions as to the competency of their evidence.   *Orpin* v. *Morrison,* 230 Mass. 529, 532.

No error of law was shown, treating the point as broadly as has been argued by the petitioners.   The element of water power in connection with mill property is not a distinct and independent item of property but is to be considered as affecting the value of the real estate.   *Essex Co.* v. *Lawrence,* 214 Mass. 79, 89, 90.

The testimony now attacked cannot be said to have been of such nature as to render it valueless.   The amount and cost of steam power saved by the use of water for the production of power was a factor which might have been considered in reaching an estimate of value.   If in the opinion of these witnesses that was its only value as a part of the cash value of the whole property, their testimony was not on that account of no value as matter of law.   *Lakeside Manuf. Co.* v. *Worcester,* 186 Mass. 552.   *Sargent* v. *Merrimac,* 196 Mass. 171.

The view taken by the respondents may have given them a conception of fair cash value of the property.   In a hearing to determine fair cash value for the purposes of taxation, the view by a tribunal like county commissioners, presumably composed of practical men somewhat experienced by virtue of their office in estimation of land values, cannot be said to furnish no basis for estimation of value.   *Parks* v. *Boston,* 15 Pick. 198, 209.   *Smith* v. *Morse,* 148 Mass. 407, 410. *Commonwealth* v. *Dascalakis, ante,* 12, 29, 30, 31, and cases there cited.

There is nothing in this record which under well settled principles requires the issuance of the writ.

*Demurrer overruled.*
*Petition dismissed.*