DENNIS J. KANE & others *vs.* BOARD OF APPEALS OF THE CITY OF MEDFORD & another.

Middlesex. November 15, 1929. — October 9, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Zoning,* Board of Appeals, Notice. *Certiorari. Practice, Civil,* Certiorari proceedings, Exceptions. *Medford.*

While, where a petition for a writ of certiorari was heard without evidence, requests for rulings, to the effect that "on the record and evidence in the case" the records in question should be quashed, were improper, the reference to evidence being impertinent, such reference was *held* not to affect the substance of the requests, and, upon exceptions to their refusal and to a denial of the petition not in the exercise of discretion by a single justice of this court, only questions of law were considered.

The owner of land in a single family district in a city, whose petition for a permit to erect a gasoline station on his land had been refused because in violation of a zoning ordinance appealed to and petitioned the board of appeals under § 27A, added to G. L. c. 40 by St. 1924, c. 133, to vary the application of the ordinance to permit such erection. The board issued a notice, directed "To whom it may concern" and reciting that such landowner had presented a petition "asking for a variance" of the ordinance "as applied to the erection of alterations in a proposed building" on the described land "for the purposes set forth in said petition," gave notice of a hearing, and directed the petitioner to publish the "citation" in a certain newspaper and to mail a copy to "all persons in interest, within a radius of two hundred feet." The board pursuant to a standing rule indicated to the petitioner that the estates affected by his petition were those within a radius of two hundred feet of his land in question. He then ascertained from the most recent tax list the names and addresses of the owners so affected, and the board ascertained that he had complied

with their instructions. Upon a petition for a writ of certiorari to quash an order granting the variance sought, it was *held*, that

    (1) The notice of the hearing which "shall be mailed" under the requirements of said § 27A, must be mailed by the board of appeals, and not by the petitioner for variance of application of the ordinance;

    (2) Under the same statutory provision, the "owners of all property . . . as they appear on the most recent local tax list" must be determined by the board and not by the petitioner for variance of application of the ordinance;

    (3) The notice given was substantially defective in that it contained no adequate description of the subject matter of the petition, in that it could not be determined with reasonable certainty whether the petition was to the end that a new building could be erected or that a building could be altered, and in that it contained no intimation of the use to which the proposed building was to be put;

    (4) The proceedings were defective in such substantial respects as to require that they be quashed.

The essential and dominating design of a zoning law is to stabilize property uses in the specified districts in the interests of the public health and safety and the general welfare, and not to permit changes, exceptions or relaxations except after such full notice as shall enable all those interested to know what is projected and to have opportunity to protest, and as shall insure fair presentation and consideration of all aspects of the proposed modification. Per RUGG, C.J.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on July 18, 1929, for a writ of certiorari, described in the opinion.

The case was heard by *Carroll*, J., on the petition and returns by the respondents.

The petitioners asked for, and the single justice denied, the following rulings:

"1. That reasons set forth by one but not all of the board of appeals, are not a part of the unanimous decision of the board necessary to a variance.

"2. That on the record and evidence in the case the order of the board of appeals granting a variance should be quashed.

"3. That on the record and evidence in the case the permit granted by the building commissioner to Calese should be quashed.

"4. That the reasons set forth in the decision of the board are too vague, indefinite and confused, to form a proper decision within the meaning of the statute.

"5. That none of the reasons set forth are sufficient to justify a variance."

The single justice dismissed the petition, but not as a matter of discretion. The petitioners alleged exceptions.

Section 27A, inserted in G. L. c. 40 by St. 1924, c. 133, reads as follows:

"A board of appeals designated or appointed under the preceding section may vary the application of any by-law or ordinance adopted under section twenty-five in specific cases wherein its enforcement would involve practical difficulty or unnecessary hardship and wherein desirable relief may be granted without substantially derogating from the intent and purpose of such by-law or ordinance, but not otherwise. No such variance shall be authorized except by the unanimous decision of the entire membership of the board, rendered upon a written petition addressed to the board and after a public hearing thereon, of which notice shall be mailed to the petitioner and to the owners of all property deemed by the board to be affected thereby as they appear on the most recent local tax list and also advertised in a newspaper published in the city or town. The board shall cause to be made a detailed record of all its proceedings relative to such petition, which record shall set forth the reasons for its decision, the vote of each member participating therein, and the absence of a member or his failure to vote. Such record, immediately following the board's final decision, shall be filed in the office of the city or town clerk and shall be open to public inspection, and notice of such decision shall be mailed forthwith to each party in interest as aforesaid. Any person aggrieved by a decision of the board of appeals, whether previously a party to the proceeding or not, or any municipal officer or board, may, within fifteen days after the entry of such decision, bring a petition in the supreme judicial court for a writ of certiorari to correct errors of law therein, and the provisions of section four of chapter two hundred and forty-nine shall, except as herein provided, apply to said petition. No costs shall be allowed against the board unless the court finds that it acted with gross negligence or in bad faith."

The case was argued at the bar in November, 1929, before *Rugg*, C.J., *Crosby*, *Pierce*, & *Wait*, JJ., and afterwards was submitted on briefs to all the Justices except *Carroll*, J.

*L. Bryant*, (*D. B. Curnane* with him,) for the petitioner.

*J. N. Johnson*, for the respondents.

Rugg, C.J. This is a petition for a writ of certiorari brought under § 27A inserted in G. L. c. 40 by St. 1924, c. 133. Its object is to examine for alleged errors of law the proceedings of the board of appeals of Medford relative to variance in the application of the zoning ordinance of that city. The case was heard on the petition and return. The petitioners requested rulings to the effect that "on the record and evidence in the case" the records in question should be quashed. Reference to the evidence in these requests was impertinent. This is not one of the rare cases where evidence rightly could be received on a petition for a writ of certiorari. *Selectmen of Wakefield* v. *Judge of the District Court*, 262 Mass. 477, 481. No evidence appears to have been offered or received. Reference to the evidence in the requests does not affect their substance. The single justice denied the petitioners' requests for rulings and ordered the petition dismissed, but not "as a matter of discretion." The petitioners excepted to the denials of the requests for rulings and to the dismissal of the petition.

The bill of exceptions raises only questions of law. The bill of exceptions is interpreted to mean that the single justice ruled as matter of law that the petitioners were not entitled to the relief sought.

By the zoning ordinance of Medford, effective in October, 1925, the land of one Calese was included in a single residence district wherein was prohibited business of all kinds. On June 10, 1929, Calese applied to the building commissioner of Medford for a permit to erect a gasoline filling station on his land. Permit was refused because forbidden by the ordinance. Thereafter Calese appealed and petitioned the respondents, the board of appeals, to vary the application of the ordinance so as to permit the erection on his land of a gasoline filling station building. The respondents, the board of appeals, according to schedule "B,"

made a part of their return, issued a notice addressed "To Whom It May Concern." It recited the presentation of the petition by Calese "asking for a variance of Section 4, Chapter 47 of the City Ordinances, as applied to the erection of alterations in a proposed building" on the described land of Calese "for the purposes as set forth in said petition. You are hereby notified to appear at a meeting of the Board to be held" at a time and place specified "to show cause, if any you have, why the same should not be granted. And said petitioner is hereby directed to give public notice thereof, by publishing this citation in the Medford Mercury fourteen days before said hearing and mailing a copy of the same to all persons in interest, within a radius of two hundred feet, seven days at least before said hearing." Calese made oath that he had served the notice as ordered.

The return of the respondents, the board of appeals, sets out that pursuant to a standing rule they indicated to Calese that the estates affected by his petition were those, within a radius of two hundred feet of his land in question and that he then ascertained from the most recent tax list the names and addresses of the owners so affected. At the time and place fixed in the notice for hearing, but before taking testimony, the respondents, the board of appeals, "examined the list of addresses of owners and inspected the return postal receipts and duly determined that the petitioner [Calese] had duly and fully complied with the provisions of law relative to notice to interested parties as more fully set forth" in a schedule "B" annexed to the return. The petitioners were owners respectively of land in the area described as within two hundred feet of the premises of Calese, and with a single exception were occupants of houses situated on their respective lots. It is alleged in their petition that their several lots were subject under the zoning ordinance to similar restrictions as was the land of Calese, and it appears from the record that the petitioner Hammond was not named in the schedule "B" and there is nothing to indicate that any notice was given him. This point has not been taken in argument,

and no weight is attached to it in this decision. The respondents, the board of appeals, granted the petition, setting forth at some length their reasons and concluding with a decision couched largely in the words of the first sentence of said § 27A. .The respondent building commissioner of Medford made return in substance that, in obedience to the decision of the respondents, the board of appeals, he issued a building permit to Calese to erect a filling station on his lot.

The petitioners challenge the legality of the record shown by the return in respect to the order of notice. It is required by said § 27A, as a condition precedent to the exercise of the power by a board of appeal to vary the application of a zoning ordinance or by-law, that "No such variance shall be authorized except by the unanimous decision of the entire membership of the board, rendered upon a written petition addressed to the board and after a public hearing thereon, of which notice shall be mailed to the petitioner and to the owners of all property deemed by the board to be affected thereby as they appear on the most recent local tax list and also advertised in a newspaper published in the city or town." As matter of construction this statute is a mandate to the board of appeals with respect to the duties there prescribed. The petition is to be addressed to the board. Plainly the hearing must be held and the decision be rendered by the board. It is equally plain that the notice of the hearing which "shall be mailed to the petitioner" must be mailed to the petitioner by the board of appeals. That is the only notice to the petitioner for which the statute makes provision. It would be vain to require that the petitioner mail notice to himself. Construing the words of the statute according to their only permissible meaning, the notice to the "owners of all property" deemed to be affected must be mailed by the same persons by whom the "notice shall be mailed to the petitioner," that is, by the board. The "owners of all property . . . as they appear on the most recent local tax list" must be determined by the board. The standard established by the statute is that such owners must be ascertained from the most recent tax list. The list of

such owners must be ascertained and determined by the board from the designated source; it cannot be left to the petitioner. These are duties of the board. These duties cannot properly be delegated to the interested petitioner. This was in substance decided by *Bradley* v. *Zoning Adjustment Board of Boston,* 255 Mass. 160, 172, with respect to a similar provision of St. 1924, c. 488, § 20. See in this connection, *Hill* v. *Mayor of Boston,* 193 Mass. 569, 573; *Brown* v. *Newburyport,* 209 Mass. 259, 266. It is the necessary construction of the terms of said § 27A that no attempt ought to be made to transfer these matters to the one who is asking that the zoning ordinance or by-law be varied for his benefit. Compare G. L. c. 185, § 39.

The notice was defective. It contained no adequate intimation of the subject matter of the petition. The petition was that the board vary the application of the ordinance in order that the landowner might erect a gasoline filling station building on his described lot. The notice declared that the petitioner was "asking for a variance" of the ordinance, not to vary its application, and that the request of the petition was for such "variance . . . as applied to the erection of alterations in a proposed building." From this notice alone it could not be determined with reasonable certainty whether the petition was to the end that a new building could be erected, or that a building could be altered. Further, the notice contains no intimation of the use to which the proposed building was to be put. The location was in an area zoned as a "single residence district." The notice ought to have contained some reference to this subject so as to indicate in a general way whether the proposed building or alteration was for a residence other than a single residence or whether it was for business, or if for business, what was its nature. The notice was not in strict conformity to the requirement of the statute. *Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451.

The return of the respondents, the board of appeals, as printed in the record, shows that the notice, issued in the form above stated, with the exception of the order of service, was mailed to the interested landowners. It was suggested

at the argument that this copy, "D," should be altered by striking out the words "alterations in" after the words "erection of" and before the words "a proposed building" so that it should read that Calese had presented a petition "asking for a variance of Section 4, Chapter 47, of the City Ordinances, as applied to the erection of a proposed building." If it be assumed that this suggestion be adopted, it does not help the record. It would then appear that the notice served was not a copy of the notice issued but differed in what might be an important particular.

This conclusion results necessarily from the words used in the statute. It is in harmony with the essential and dominating design of any zoning law. That design is to stabilize property uses in the specified districts in the interests of the public health and safety and the general welfare, and not to permit changes, exceptions or relaxations except after such full notice as shall enable all those interested to know what is projected and to have opportunity to protest, and as shall insure fair presentation and consideration of all aspects of the proposed modification. This is not a technical requirement difficult of performance by the unwary. It is dictated by common sense for protection of an established neighborhood to be subject to change only after fair notice. The notice issued by the respondents, the board of appeals, did not conform to these essential requisites.

It follows that there are errors of substance disclosed on the return of the board of appeals. Zoning laws are enacted under the police power and relate to public health, public safety and the general welfare. *Opinion of the Justices*, 234 Mass. 597, 611. It is only indirectly that they conserve private interests. In these circumstances certiorari rightly may issue even though the errors disclosed on the record may not be of high magnitude. Public justice requires conformity to substantial requirements of the zoning law before its provisions are varied. *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, 212. *Westport* v. *County Commissioners*, 246 Mass. 556, 562. There is nothing inconsistent with this result in cases like *Gleason* v. *Sloper*, 24 Pick. 181, 184, *Thorpe* v. *County Commissioners*, 9 Gray,

57, 58, and *Sears* v. *Mayor & Aldermen of Worcester*, 180 Mass. 288.

The ruling that as matter of law the petitioners were not entitled to relief manifested by the denial of requests two and three and the dismissal of the petition were error.

*Exceptions sustained.*