JOSEPH R. MEDEIROS & others vs. BOARD OF ALDERMEN OF WOBURN & another. February 7, 1966. The petitioners seek in a writ of certiorari an order quashing the action of the respondent board of aldermen in grant of a license to store and sell petroleum products and a special permit to erect a motor vehicle station on property owned by the respondent Anne R. Essigmann as trustee. She appeals from an order for final judgment quashing and declaring void the special permit. There was no error. The premises lay in a residential district and, as a special permit for an exception to the local zoning ordinance was sought, notice to the planning board of Woburn prior to hearing was required under G. L. c. 40A, § 4, which incorporates G. L. c. 40A, § 17. This notice was not given and thus the action of the respondent board in granting the special permit was invalid. The special permit itself was invalid for it failed to include a statement of conditions required by the zoning ordinance (hours of use, mode of lighting) under which the premises could be used as a gas station. These petitioners had standing and it was proper for them to seek review by a writ of certiorari since at the time the petition was filed possible errors of law on the part of the respondent board of aldermen in granting the special permit were not otherwise reviewable by the courts. *Howe* v. *Attorney Gen.* 325 Mass. 268, 270, and cases cited. It is not necessary here to pass upon the further contention of the petitioners that the action of the respondent board was also invalidated by its failure to notify an owner of land which was located across a town boundary in Reading and abutted the premises. See G. L. c. 40A, § 17.

*Order for judgment affirmed.*

*Jack J. Moss* for the respondent Anne R. Essigmann, trustee.
*Lawrence H. Adler* for the petitioners.

UNION NATIONAL BANK vs. ALFONSO CANNATO. February 7, 1966. The holder of four promissory notes has brought this action in contract against the maker of them. The declaration is in four counts, one for each note, and was filed on November 2, 1964, the return day of the writ. The answer which was filed late by leave of court was a general denial that "the signature is genuine" and a demand for proof that "it" was. The judge's ruling at the outset of trial that it was not a separate special demand under G. L. c. 231, § 29, did not harm the defendant, for photocopies of the four notes were properly admitted in evidence. The presumption of the validity of the signatures thus became operative and, in the absence of evidence to the contrary, required a finding for the plaintiff. G. L. c. 106, § 3-307 (1), (1) (b). See also G. L. c. 106, § 3-307 (2). The defendant has taken no exception to the denial of certain requests for rulings and they are not before us.

*Exceptions overruled.*

*Sumner Bauman* for the defendant.
*Francis M. Qua* (*Alan M. Qua* with him) for the plaintiff.