ELMER W. LANE & others *vs.* BOARD OF SELECTMEN OF GREAT BARRINGTON & others.

Berkshire.   April 6, 1967. — May 3, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Zoning,* Special permit; Jurisdiction; Notice of hearing; Board of appeals: appeal to board; Appeal to Superior Court. *Notice.*

Provisions of the zoning by-law of a town permitting use of premises in a general business district for "Commercial amusements" "if approved by the . . . Selectmen" in accordance with stated procedure and principles gave the selectmen a zoning power respecting special permits authorized and regulated by G. L. c. 40A, § 4, and a decision by them under such power to grant a permit for an open air motion picture theatre was not a decision of "administrative official[s]" and an appeal therefrom did not lie to the board of appeals under § 13 but lay to the Superior Court under § 21. [525]

Procedure followed by selectmen of a town authorized to grant special permits by G. L. c. 40A, § 4, and its zoning by-law, which provided that

the selectmen should hold a public hearing on an application for a permit "after such notice as . . . [they] may direct," was defective in that the first newspaper publication of notice of the selectmen's hearing on such an application was less than fourteen days before the hearing contrary to G. L. c. 40A, § 17, and in that the records of the selectmen's proceedings, in which there was a decision granting the permit, did not set forth "the reason or reasons" for their decision as required by § 18. [526-527]

BILL IN EQUITY filed in the Superior Court on September 25, 1964, by way of appeal from a decision of the board of appeals of the town of Great Barrington.

The suit was heard by *Bolster, J.*

*William W. Simons* (*Abraham W. Chesney* with him) for the plaintiffs.

*Robert J. Donelan* for the defendants Horace C. Decelles & another.

WHITTEMORE, J.   This is an appeal by the plaintiffs from a final decree of the Superior Court in a zoning appeal under G. L. c. 40A, § 21.   The selectmen of Great Barrington on July 27, 1964, granted to the defendants Horace C. Decelles and Gerald Duprey a permit for an open air motion picture theatre.   The plaintiffs appealed from the selectmen's decision to the board of appeals.   The board of appeals ruled that the selectmen did not violate the zoning by-law or G. L. c. 40A.   The appeal to the Superior Court was from the board's decision.   The final decree of the Superior Court determined that the board of appeals did not exceed its authority and no modification of its decision was required.   The evidence is reported.

The permit was granted under § 45.3 of the zoning by-law: "The following uses [in a general business district] are permitted if approved by the . . . Selectmen in accordance with Article 10: 45.31 Commercial amusements." Article 10 requires written application to the board of selectmen and a public hearing "after such notice as it may direct," and notice to the planning board and holders of real estate who may be affected.   Conditions may be imposed and "[n]o approval shall be granted . . . without considering the effect upon the neighborhood and the town.

*a*

. . . If a permit would result in substantial injury it shall be refused."

The by-law in these provisions resembles that considered in *Gallagher* v. *Board of Appeals of Falmouth,* 351 Mass. 410, 412–414, where we held that the by-law gave the selectmen the statutory power expressed in G. L. c. 40A, § 4; that the procedure before the selectmen must comply with the statute; and that the appeal from the action of the selectmen is to the Superior Court under § 21, and not to the board of appeals under § 13. The holding of that case is applicable here.

Supplementing what we said in that opinion, we note the following. By G. L. c. 40A, § 13, an appeal to the board of appeals is from a decision of an "administrative official."[1] The selectmen of Great Barrington, although by article 12 of the by-law they are the enforcing officers, are not acting as administrative officials in exercising their discretion under article 10. Appeals in respect of permits granted or withheld under the discretionary power to provide exceptions are, by the express provisions of G. L. c. 40A, § 4, to the Superior Court. Section 4 provides that the power given by that section may be either in the board of appeals or the selectmen. "If the . . . selectmen are designated to act upon such a special permit they shall be subject to the requirements of sections eighteen [procedure], nineteen [procedure], twenty [limitation on reconsideration] and twenty-one [appeals to the Superior Court] in the same manner as the board of appeals."

Article 11 of the by-law, providing for the board of appeals, is consistent with the statute: "Section 113 — Appellate Jurisdiction The Board of Appeals shall hear and decide appeals from and review any order, requirements,

[1] "An appeal to the board of appeals established under section fourteen may be taken by any person aggrieved by reason of his inability to obtain a permit from any administrative official under the provisions of this chapter, or by any officer or board of the city or town, or by any person aggrieved by any order or decision of the inspector of buildings or other administrative official in violation of any provision of this chapter, or any ordinance or by-law adopted thereunder."

decision, or determination made by the Building Inspector or other officer charged with the enforcement of this by-law. Such appeals may be taken to the Board by any officer or board of the town, or by any person aggrieved by such order, requirement, decision, or determination, following the procedure established under Sections 16[2] and 17 of Chapter 40A of the General Laws as amended.''

The appeal to the Superior Court must be dismissed as the Superior Court lacked jurisdiction. No appeal from the selectmen's decision was taken within the twenty day period as required by G. L. c. 40A, § 21. Inasmuch, however, as the issue of the invalidity of a permit may be raised by appropriate parties notwithstanding the absence of a valid appeal, *Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 518–521, we note that, according to the evidence in the Superior Court, there were defects in the statutory procedure before the selectmen. General Laws c. 40A, § 4, provides: ''Before granting such a special permit . . . the selectmen . . . shall hold a public hearing thereon, notice of which shall be given in accordance with section seventeen.'' Section 17 requires publication ''once in each of two successive weeks, the first publication to be not less than fourteen days before the day of the hearing . . ..'' This is a jurisdictional requirement. *Gallagher* v. *Board of Appeals of Falmouth,* 351 Mass. 410, 414–415. The first publication of the notice of the selectmen's hearing on July 27, 1964, was on July 16, 1964. Further, § 18 requires that the records of the board set forth ''clearly the reason or reasons for its decisions.'' The decision of the selectmen of July 27, 1964, records only what took place at the hearing and that ''after deliberating for several minutes'' a motion was made by one of the two selectmen acting to grant the permit and seconded by the other ''and thus the motion was passed.'' The omission of any statement of reasons was the basis for nullifying the grant of a variance in *Gaunt* v. *Board of Appeals of Methuen,* 327 Mass. 380,

---

2 Section 16 states the procedure for '' [a]ny appeal under section thirteen.''

and the grant of a special permit in *Tahanto Associates, Inc.* v. *Board of Appeals of Bourne,* 346 Mass. 762. Article 10 of the by-law, as noted, requires that the selectmen consider the effect on the neighborhood and the town and determine whether there is substantial injury. This requirement is to be read with c. 40A, § 18. See, additionally, the several other provisions of § 18.

The final decree is reversed. A decree is to enter in the Superior Court dismissing the appeal from the board of appeals.

*So ordered.*