*Southern District*

No. 55856

## BLANCHARD LUMBER COMPANY

v.

## JOHN J. TRAINOR

Argued: April 14, 1971. Decided: July 26, 1971.

*Present:* Murphy, P. J., Covett, Rider, JJ.

Case tried to *Tamkin, J.* in the District Court of East Norfolk No. 55856.

**Rider, J.** This case came to us on a report established by the Appellate Division. It is an action of contract, in which the plaintiff seeks to recover $4,346.13 under a written agreement alleged to be a guarantee wherein the defendant guaranteed the obligations of Norfolk Lumber, Inc. for the sale to it by the plaintiff of certain lumber goods. The answer is a general denial, denial of signature and demand for proof, no consideration, failure of consideration, and an

allegation that no notice of the acceptance of the alleged guarantee was given defendant. The court found for the plaintiff in the sum of $4,346.13.

At the trial there was evidence tending to show that an agent of the plaintiff had a talk with the defendant concerning the sale of lumber by the plaintiff to Norfolk Lumber, Inc.; that as a result thereof plaintiff sold and delivered to Norfolk Lumber, Inc. lumber in the amount of $4,346.13; that on April 23, 1969, an agent of the plaintiff made a demand on defendant for payment. The written guarantee was entered into evidence, the pertinent portion of which is as follows:

"GUARANTEE

For valuable consideration . . . . the undersigned guarantees due fulfillment to Blanchard Lumber Company . . . . of all obligations of Norfolk Lumber, Inc. to said Blanchard Lumber Company . . . . The undersigned waives presentment, demand, notice . . . . in connection with this guarantee . . . . Signed as a sealed instrument this 3rd day of January, 1966.

(s) JOHN J. TRAINOR
JOHN J. TRAINOR".

The defendant rested without offering testimony.

The case was reported because the defendant

claims to be aggrieved by the denial of his requests for rulings numbers 1 and 2 as follows:

"1.    Upon all the evidence a finding for the plaintiff is not warranted.

2.    Upon all the evidence a finding for the defendant is required."

The only point argued by the defendant in his brief is that there is no evidence that the signature on the instrument is that of the defendant.

The written guarantee was admitted in evidence. The presumption of the validity of the defendant's signature thus became operative, and in the absence of evidence to the contrary, required a finding for the plaintiff. G.L. c. 106, § 3-307 (1) (b). See also G.L. c. 106, § 3-307 (2).* *Union National Bank* v. *Cannato,* 350 Mass. 767.

---

*    § 3 - 307.    BURDEN OF ESTABLISHING SIGNATURES, DEFENSES AND DUE COURSE.    (1) Unless specifically denied in the pleadings each signature on an instrument is admitted.    When the effectiveness of a signature is put in issue

(*a*)    the burden of establishing it is on the party claiming under the signature; but

(*b*)    the signature is presumed to be genuine or authorized except where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required.

(2)    When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.

(3)    After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course. St. 1957, c. 765, § 1, effective Oct. 1, 1958.

We find no error. **The report is dismissed.**

I. J. Silverman
of Boston for the plaintiff.
Victor G. Fields
for the defendant.