*Northern District*

No. 7886

**VINCENT TAMBURINO, ET ALS.,**
Petitioners,

v.

**BENNIE R. BERARDI, ET ALS.,**
Respondents.

Argued: Oct. 2, 1972 - Decided: Oct. 31, 1972

*Present:* Parker, P.J., Mason, J.

Case tried to *Artesani, J.* in the Fourth District Court of Eastern Middlesex, No. 2493 of 1971.

**Mason, J.** This is a petition for review brought in the Fourth District Court of Eastern Middlesex under the provisions of G.L. c. 40A, § 21, as amended. The respondents, acting in their capacity as the Woburn City Council, filed a plea in abatement to the jurisdiction of the court.

The Woburn City Council, designated under the provisions of G.L. c. 40A, § 4 to act upon applications for special permits, denied the petitioners a special permit to construct an apartment building on land owned by the petitioners in an area designated as an "R.-3 District" under the zoning ordinances of the City of Woburn as most recently amended.

The sole question reported is whether the District Court has jurisdiction to act upon a petition for review from the denial of a special permit by the Woburn City Council acting under the zoning enabling act, G.L. c. 40A.

G.L. c. 40A, § 4 in part provides that .. ''The board of appeals established under section fourteen of such city or town, or the city council of such city or the selectmen of such town, as such ordinance or by-laws may provide, may, in appropriate cases and subject to appropriate conditions and safeguards, grant to an applicant a special permit ... Before granting such a special permit the board of appeals, or the city council or the selectmen, whichever the ordinance or by-laws provides, shall hold a public hearing thereon, notice of which shall be given in accordance with section seventeen. If the city council or the selectmen are designated to act upon such a special permit they shall be subject to the requirements of sections eighteen, nineteen, twenty and twenty-one in the same manner as the board of appeals.''

In *Gallagher* v. *Board of Appeals of Falmouth,* 351 Mass. 410, 412 the court held that a by-law in giving the selectmen the power and duty to pass on permits was a proper exercise of a zoning power regulated by c. 40A, § 4.

In *Lane* v. *Board of Selectmen of Great Barrington,* 352 Mass. 523, 525 the court had occasion to review that portion of § 4 as it pertains to selectmen and stated ''if the ... selectmen

are designated to act upon such a special permit they shall be subject to the requirements of sections eighteen [procedure], nineteen [procedure], twenty [limitation on reconsideration] and twenty-one [appeals to the superior court] in the same manner as the board of appeals." The court further held that appeals in respect of permits granted or withheld under the discretionary power to provide exceptions were, by the express provisions of G.L. c. 40A, § 4, to the Superior Court by the requirement of § 21. § 4 provides the same power given by that section to the selectmen may be in the city council.

The pertinent sections (4:03 and 9:08) of the zoning ordinances of the City of Woburn expressly designate the city council to act upon an application for a special permit. As such, the decision of the city council, acting in the capacity of board of appeals, by delegated authority, is subject to the provisions of § 21 in the same manner as a board of appeals.

By St. 1969 c. 706, c. 40A, § 21 was amended to give the District Court concurrent jurisdiction with that of the Superior Court, at the election of the petitioner by providing that any person aggrieved by a decision of the board of appeals may . . . bring a petition in the district within the judicial district the land area to be affected is situated.

The petitioners have elected to proceed

under § 21, as amended, and are entitled to a review of the action of the city council.

The decision of the court in allowing the plea in abatement is reversed; the plea in abatment is overruled and the case is remanded for hearing in accordance with the provisions of G.L. c. 40A, § 21, as amended.

JOSEPH P. DAY

for the Petitioner

No Brief or Argument filed by the Respondent