JOHN KASPER & another[1] *vs.* BOARD OF APPEALS OF WATERTOWN & another.[2]

Middlesex.    April 17, 1975. — May 7, 1975.

Present: ROSE, KEVILLE, & GRANT, JJ.

*Zoning,* Variance; Board of appeals: notice of hearing, jurisdiction. *Notice. Waiver.*

The failure of a board of appeals of a town to mail to an abutter written notice of a public hearing regarding an application for a special

---

[1] John Kasper, Jr.
[2] Richard P. Meehan.

permit, as required by G. L. c. 40A, § 17, did not in the circum-
stances deprive the board of jurisdiction to act on the application.
[253-257]
An abutter, who was entitled under G. L. c. 40A, § 17, to receive notice
by mail of a hearing before a town's board of appeals on an appli-
cation for a special permit, was not prejudiced by the failure of the
board to mail such notice where he learned of the hearing through
a newspaper publication twelve days in advance thereof and there-
fore had reasonable notice and opportunity to prepare and present
evidence in opposition to the application. [257-258]
An abutter, who was entitled under G. L. c. 40A, § 17, to receive notice
by mail of a hearing before a town's board of appeals on an applica-
tion for a special permit, waived his right to object to the board's
failure to send such notice where, after objecting to the lack of
notice at the hearing, he proceeded to participate in the hearing
without requesting a postponement. [258]

BILL IN EQUITY filed in the Superior Court on December
24, 1973.
The suit was heard by *Zarrow, J.*
The case was submitted on briefs.
*William J. O'Brien* for the plaintiffs.
*John F. Corbett* for the defendant Richard P. Meehan.

GRANT, J.    This is an appeal from a final decree of the
Superior Court which confirmed the decision of the board
of appeals of Watertown (board) to grant a special permit
to the defendant Meehan for the conduct of an auto body
repair business at 550R Pleasant Street (locus) in Water-
town. G. L. c. 40A, § 21. The plaintiff John Kasper is the
owner of three contiguous multi-family dwellings which
front on the same side of Pleasant Street as the locus and
one of which abuts the locus.[3] Those dwellings and the locus
all lie within the same industrial zoning district. The only
question argued before us is the consequence (if any) of

---

[3] John Kasper, Jr., was also named as a plaintiff in the bill. The
evidence showed only that he is the son of John Kasper and that he
resided in and was a "tenant" of one of the dwellings owned by the
latter. As it could not have been found or ruled on that evidence that
John Kasper, Jr., was a "person aggrieved" by the decision of the
board within the meaning of G. L. c. 40A, § 21 (see *Waltham Motor
Inn, Inc.* v. *LaCava, ante,* 210 [1975], and cases cited), we shall order
the bill dismissed as to him and shall refer to John Kasper as if he
were the sole plaintiff.

the board's failure to mail the plaintiff written notice of the public hearing held on the Meehan petition in accordance with the provision for such notice found in the first sentence of G. L. c. 40A, § 17 (as appearing in St. 1971, c. 569).[4] The judge's findings on this point are as follows.

The hearing in question was held on October 16, 1973, following newspaper publications on September 27 and October 4, 1973. "Notice of the hearing was not sent to the ... [plaintiff]. However, he and his son learned of the public hearing on October 4, 1973. Both ... attended the public hearing and were recorded as opposing the special permit. While ... [the plaintiff's son][5] made an objection to the hearing on the ground of lack of notice, he presented, on behalf of his father, pictures of the property of ... [the plaintiff] and argued against the special permit. I find that the ... [plaintiff] had reasonable notice of the public hearing and also had reasonable time to prepare, and did prepare and present evidence, exhibits and arguments opposing the granting of the special permit."

1. We consider first the plaintiff's contention that the board's failure to send him written notice of the hearing deprived the board of jurisdiction to act on the petition for the permit. A review of the cases in which there has been occasion to consider the consequences of a failure by a board of appeals[6] to comply with various of the notice provi-

---

4 "The board of appeals shall fix a reasonable time for the hearing of any appeal or other matter referred to it or any petition for a variance, and shall cause the notice of the time and place of such hearing thereof and of the subject matter, sufficient for identification, to be published in a newspaper of general circulation in the city or town once in each of two successive weeks, the first publication to be not less than fourteen days before the day of the hearing ... and also send notice by mail postage prepaid to the petitioner and to the owners of all property deemed by the board to be affected thereby including the abutters and the owners of land next adjoining the land of the abutters ... as they appear on the most recent tax lists, and to the planning board of the city or town ...."

5 Whom the judge found to be an attorney.

6 What we say here with respect to a board of appeals applies with equal force to a city council or a board of selectmen whenever a zoning ordinance or by-law entrusts the power to grant special permits to

sions now found in G. L. c. 40A, § 17, discloses a number of instances in which it has been held that a particular failure did deprive the board of jurisdiction to act. Thus, it has been held that a board of appeals lacks the necessary jurisdiction if the published notice does not contain a sufficient description of the subject matter of the petition to the board (*Kane* v. *Board of Appeals of Medford,* 273 Mass. 97, 103-105 [1930]), if the board does not comply with other provisions concerning newspaper publication (*Roman Catholic Archbishop of Boston* v. *Board of Appeal of Boston,* 268 Mass. 416, 418-419 [1929]; *Gallagher* v. *Board of Appeals of Falmouth,* 351 Mass. 410, 414-415, 419 [1966]; *Lane* v. *Selectmen of Great Barrington,* 352 Mass. 523, 526 [1967]), or if the board attempts to delegate to a petitioner its duty to mail whatever notices may be required (*Kane* v. *Board of Appeals of Medford,* 273 Mass. 97, 102-103 [1930]; *Planning Bd. of Peabody* v. *Board of Appeals of Peabody,* 358 Mass. 81, 83 [1970]). The same result is probably required if the board fails to mail notice of the hearing to the planning board. See *Medeiros* v. *Aldermen of Woburn,* 350 Mass. 767 (1966). None of the decided cases has determined the jurisdictional consequence (if any) of a board's failure to mail notice of the hearing to an owner of property which abuts the locus. Indeed, the question appears to have been left expressly unanswered so far as the provisions of G. L. c. 40A, § 17, are concerned. See *Kane* v. *Board of Appeals of Medford,* 273 Mass. 97, 101-102 (1930); *Medeiros* v. *Aldermen of Woburn,* 350 Mass. 767 (1966).[7]

We think, however, that some light is shed on the question by the case of *Co-Ray Realty Co. Inc.* v. *Board of Zoning Adjustment of Boston,* 328 Mass. 103 (1951), where

---

such a council or board rather than to the board of appeals. See G. L. c. 40A, § 4.

[7] The present question was not argued or considered in *Waltham Motor Inn, Inc.* v. *LaCava, ante,* 210 (1975), where our inquiries were as to the status of each of the "remaining plaintiffs" as a "person aggrieved" within the meaning of G. L. c. 40A, § 21.

the pertinent statute (St. 1924, c. 488, § 20, as appearing in St. 1941, c. 373, § 19) provided that "notice [of the public hearing] shall be mailed ... [by the board] to the owners of all property deemed by the board to be affected thereby as they appear in the current records of the assessing department ..." (p. 107).[8] The board was faced with the problem of mailing notice of a hearing to the owner of a parcel of vacant land who could be identified from the records of the assessing department but for whom the board could discover no mailing address after making reasonable inquiry. The notice was mailed to the owner of the parcel, addressed to him at the street and lot number by which the parcel was identified on the records of the assessing department. As might have been expected, the envelope containing the notice was returned to the board by the post office, marked "No such street number." The owner of the parcel later attacked the decision of the board on the ground (among others) that the board had "failed to mail notice to ... [him] as one of the owners of property deemed by the board to be affected within the meaning of" the above quoted statute (p. 105). The court, after stating that "[r]equirements of notice of a hearing before an administrative board are to be strictly followed ... and [that] failure to follow such requirements ... may invalidate the hearing" (p. 107), said that "[i]n view of the efforts made and the doubt that any further reasonable investigation by the board's agent would have resulted in obtaining an address at which the notice would have been received ... [it could not] say that the judge was plainly wrong in finding compliance with the requirements of notice" (p. 108), and

---

[8] Prior to the amendment of G. L. c. 40A, § 17, which was effected by St. 1971, c. 569, that section read in pertinent part that the board of appeals should "send notice by mail ... to the owners of all property deemed by the board to be affected thereby, as they appear on the most recent local tax list ...." St. 1962, c. 201, § 2. The 1971 amendment expanded the quoted provision to provide that the board is to "send notice by mail ... to the owners of all property deemed by the board to be affected thereby including the abutters and the owners of land next adjoining the land of the abutters ... as they appear on the most recent tax lists ...."

held that "[t]here was . . . no error in refusing to annul the decision of the board for the reason that it exceeded its authority in proceeding to a hearing" (p. 108).

The *Co-Ray Realty* case strikes us as an example of an instance in which the notice sent to the plaintiff was the practical equivalent of no notice at all. Although that case was decided on its own peculiar facts, we think it can and should be read for the proposition that not every decision of an administrative board need be invalidated for the board's failure to comply precisely with each of the notice provisions of a statute such as G. L. c. 40A, § 17. For example, there may well be instances (a) in which the public is adequately notified, both by newspaper publication and by written notice to the planning board, of a pending petition to a board of appeals for a special permit or for a variance, but (b) in which less than all the owners of land abutting the locus or less than all the owners of land adjoining the land of the abutters (see n. 8) are properly notified because of an honest misinterpretation of the assessors' records.

To rule that a board of appeals loses jurisdiction to act in every such or comparable instance would be to rule that every successful petitioner before the board, who has no control over the manner in which the board performs its duties (compare *Richardson* v. *Zoning Bd. of Appeals of Framingham,* 351 Mass. 375, 377-378 [1966]), would remain indefinitely subject to attack in proceedings in the nature of mandamus[9] which might be brought against the officer charged with the enforcement of the pertinent zoning ordinance or by-law. See *Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 518-521 (1965); *Lane* v. *Selectmen of Great Barrington,* 352 Mass. 523, 526 (1967).

We do not believe any such result is required or desirable. We hold that the board's failure to give the plaintiff written notice of the public hearing on the petition for a

---

[9] Although the writ of mandamus has now been formally abolished (Mass.R.Civ.P. 81[b], 365 Mass. 841 [1974]), "[a] civil action to obtain relief formerly available by writ of mandamus may be brought in the supreme judicial or superior court." G. L. c. 249, § 5, as appearing in St. 1973, c. 1114, § 291.

Kasper *v.* Board of Appeals of Watertown.

special permit in this case did not deprive the board of jurisdiction to act on the petition.

2. The plaintiff's remaining contentions concerning the board's failure to mail him written notice of the hearing can be disposed of by resort to the principles underlying the decision in the case of *Rousseau* v. *Building Inspector of Framingham,* 349 Mass. 31 (1965), in which the only notice which the named plaintiff received of a public hearing to be held on a Tuesday was the one mailed to and received by him on the previous Friday, and in which the court said: "What constitutes reasonable notice depends upon the facts and circumstance of each case. We need not decide whether failure to give reasonable notice by mail would be considered not prejudicial when the property owner has actual knowledge of the hearing at a reasonable time prior to its being held. There is no evidence of such knowledge in the case before us. We think the mail notice to Rousseau did not give him an opportunity to prepare his opposition to the proposed action and, therefore, was not reasonable and did not satisfy the requirements of the statute . . ." (p. 37). We read the *Rousseau* case as authority for the proposition that an owner to whom a board of appeals has failed to mail written notice of a public hearing in the manner required by G. L. c. 40A, § 17, must show that he is prejudiced by such failure if he wishes to attack the ensuing decision on that ground in proceedings brought under G. L. c. 40A, § 21.

In the present case the judge found that the plaintiff and his son both learned of the public hearing twelve days in advance thereof, on the date of the second newspaper publication.[10] The judge further found that the plaintiff had reasonable notice of the hearing and reasonable time in which to prepare and present his evidence and arguments in opposition to the granting of the special permit. Those findings were clearly correct on the reported evidence. There was nothing in the evidence to suggest that the

---

[10] The plaintiff's son testified that he saw the second newspaper publication on October 4, 1973.

plaintiff was prejudiced in any way by the board's failure to send him written notice, and it is implicit in the judge's confirmation of the board's decision that no such prejudice was present. The implicit finding and the express ruling were correct.

3. We think the decision below can also be supported on the ground of waiver by the plaintiff of any objection he may have had to the failure to give him proper notice. We ourselves find (compare *Hunt* v. *Milton Sav. Bank,* 2 Mass. App. Ct. 133, 135 [1974]) from the uncontradicted testimony of the plaintiff's son and attorney that the plaintiff, although aware of his right to notice and objecting to the lack thereof, proceeded to participate in the hearing without requesting a postponement thereof. Compare *Clancy* v. *Wallace,* 288 Mass. 557, 564-565 (1934); *Pitman* v. *Medford,* 312 Mass. 618, 623 (1942).

The final decree is to be modified so as to provide for dismissal of the bill as to John Kasper, Jr. (see n. 3), and, as so modified, is affirmed.

*So ordered.*