Lauriat, J.
The plaintiffs, Robert V. Gervais (“Robert”) and Stephen L. Gervais (“Stephen”), as Trustees of the Wall Street Really Trust, brought this petition seeking judicial review under G.L.c. 40A, §17 of a decision of the Lowell Zoning Board of Appeal ("the Board”) to grant variances and a special permit to the Cross Point Limited Partnership (“Cross Point”). The plaintiffs contend that the Board violated the notice provisions set forth in G.L.c. 40A, § 11 because it failed to notify Stephen (Count I) and the Chelmsford Planning Board (Count II) of the public hearing on Cross Point’s application. The Board has now moved to dismiss both counts of the complaint on the ground that (1) Stephen is not an “aggrieved person” under the statute and, in any event, that Stephen was not prejudiced by the Board’s failure to notify him of the public hearing; and that (2) the plaintiffs have no standing to contest the Board’s failure to notify the Chelmsford Planning Board. For the reasons which follow, the Board’s motion to dismiss is denied.
BACKGROUND
On February 28, 1995, the Board granted to Cross Point variances and a special permit to allow it to develop five freestanding restaurants and accompanying parking lots in Lowell. Robert and Stephen, as Trustees of Shaw Corporation and Wall Street Realty Trust, each hold an undivided one-half interest in a lot which abuts the lots owned by Cross Point.[1] The plaintiffs allege that neither Stephen nor the Chelms-ford Planning Board was notified of the February 28, 1995 hearing as required under G.L.c. 40A, §11 and, therefore, the Board exceeded its jurisdiction in rendering a decision on Cross Point’s application.[2]
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The “complaint should not be dismissed for failure to state a claim unless it appears beyond
doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Charbonnier v. Amico, 367 Mass. 146, 152 (1975); Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
I.
The Board contends that the plaintiffs are not “persons aggrieved” as defined in G.L.c. 40A, §17 and, therefore, have no standing to challenge the Board’s decision to grant variances and a special permit to Cross Point. “Although abutters and abutters to abut-ters enjoy a presumption of aggrieved person status, the presumption is rebuttable.” Barvenik v. Board of Aldermen of Newton, 33 Mass.App.Ct. 129, 131 (1992). “Once a defendant in a §17 appeal challenges the plaintiffs standing and offers evidence to support the challenge,” the presumption disappears and “(t]he plaintiff then has the burden of proof on the issue of standing.” Id. at 131-32. (Emphasis added.) The “plaintiff must establish by direct facts and not by speculative personal opinion that his injury is special and different from the concerns of the rest of his community.” Id. at 132.
The complaint alleges that the plaintiffs have standing to appeal the Board’s decision as “abutters.” (Amended Complaint, ¶¶26, 27.) The Board asserts that the complaint is insufficient on its face to confer “aggrieved person” status. However, in order to destroy the presumption of “aggrieved person” status conferred by the plaintiffs’ status as abutters, the Board must offer evidence to support its challenge to the plaintiffs’ standing. Barvenik, supra at 131-32. The Board has offered no such evidence.[3] Indeed, any such evidence would contemplate the submission of affidavits which, in the context of a motion under Mass.R.Civ.P. 12(b)(6), could not be considered by the court.[4] Accordingly, at this juncture, the court cannot conclude that the plaintiffs lack standing to bring this appeal.
The Board further contends that its failure to notify Stephen of the public hearing did not deprive it of jurisdiction to render a decision because the assessor’s office had Robert listed as the only trustee of the Wall Street Realty Trust. The Board relies on Kasper v. Board of Appeals of Watertown, 3 Mass.App.Ct. 251 (1975). In Kasper, the Appeals Court held that “not every decision of an administrative board need be invalidated for the board’s failure to comply precisely with each of the notice provisions of a statute such as G.L.c. 40A, §17.” Id. at 256. “For example, there may well be instances ... in which less than all the owners of land abutting the locus or less than all the owners of land adjoining the land of the abutters are properly notified because of an honest misinterpretation of the assessors’ records.” Id.
*162 In support of its contention that the failure to provide Stephen with notice was an “honest misinterpretation,” the Board has submitted an affidavit from its Clerk, Kathryn Murphy (“Murphy”), in which she avers that “(t]he records of the City of Lowell Assessors listed Robert Gervais only as a Trustee for Wall Street Realty Trust." (Aff. of Kathryn Murphy, ¶5.) As the plaintiffs contend, Murphy’s affidavit is outside the pleadings. Further, the plaintiffs have represented that they are newly aware of this error in the records and that they have had no opportunity to discovér whether the Board’s mistake does in fact constitute an “honest misinterpretation.” Kasper, supra at 256. The plaintiffs are entitled to additional discovery on this matter. Consequently, at this point, dismissal of Count I on this basis is inappropriate.
The Board further contends that the complaint must be dismissed because the plaintiffs have failed to show that they were prejudiced by any defects in notice. The Board asserts that since Robert was notified in writing of the hearing, Stephen, in turn, had actual knowledge of the hearing. In Kasper, the Appeals Court held that an owner, who had learned of the public hearing before the board of zoning appeals through a newspaper publication and had an opportunity to prepare and present evidence in opposition to the application, could not attack the board’s decision on the grounds that he did not get written notice in the absence of a showing of actual prejudice. Id. at 256-57. In contrast to Kasper, there is no assertion on the face of the pleadings that Stephen had actual knowledge of the hearing nor is there any evidence that Stephen attended the hearing.[5] Accordingly, at this juncture, Stephen’s failure to show actual prejudice does not warrant the dismissal of Count I of the complaint.
II.
The Board has also moved to dismiss Count II of the complaint. The Board contends that the plaintiffs do not have standing to appeal its decision on the ground that the Chelmsford Planning Board did not receive notice. While, generally, a petitioner cannot object to the failure of another party to receive notice, Morrison v. Selectmen of Weymouth, 279 Mass. 486, 491 (1932), the Appeals Court has opined that the failure to provide notice to the planning board of an abutting town deprives a board of jurisdiction to act. In Kasper, the Appeals Court stated:
Thus, it has been held that a board of appeals lacks the necessary jurisdiction if the published notice does not contain a sufficient description of the subject matter of the petition to the board, if the board does not comply with other provisions concerning the newspaper publication, or if the board attempts to delegate to a petitioner its duty to mail whatever notices may be required. The same result is probably required if the board fails to mail notice of the hearing to the planning board.
Kasper, supra at 254 (citations omitted). Thus, there is some authority for the proposition that the Board’s failure to notify the Chelmsford Planning Board of the hearing provides a jurisdictional ground for contesting the Board’s decision.
In further support of its motion to dismiss Count II of the complaint, the Board again asserts matters outside of the pleadings. In her affidavit, Murphy avers that on February 10, 1994, Peter V. Lawlor (“Lawlor"), who was then a Chelmsford Selectman, told her to mail all notices for the Chelmsford Planning Board to him. Thus, the Board contends that it has been consistently notifying the Chelmsford Planning Board of this matter via Lawlor.
As the'plaintiffs contend, at this point in the litigation, they have had no opportunity to verify this contention or to determine if the individual’s request was the position of the Town or its elected Planning Board. [6] Accordingly, dismissal of Count II on the basis of the Board’s factually-based assertion is presently inappropriate.
ORDER
For the foregoing reasons, the defendant Board of Appeals for the City of Lowell’s Motion to Dismiss Counts I and II pursuant to Mass.R.Civ.P. 12(b)(6) is DENIED.

The plaintiffs lot is leased to Gervais Lincoln Mercury, Inc., an automobile dealership.

Under G.L.c. 40A, §11, those parties entitled to receive notice of a public hearing before the Board include:
“... the petitioner, abutters, owners of land directly opposite on any public or private way, and abutters to the abutters within three hundred feet of the property line of the petitioner as they appear on the most recent applicable tax list, notwithstanding that the land of any such owner is located in another city or town, the planning board of the city or town, and the planning board of every abutting city or town.”
G.L.c. 40A, §11.

The court notes that plaintiff Robert V. Gervais has submitted an affidavit in which he details the special injuries Wall Street Realty Trust will suffer if the Board’s decision is upheld.

A motion for summary judgment is thus the appropriate vehicle for determining whether the Board can rebut the plaintiffs’ presumption of standing and, if so, whether the plaintiffs can then establish that their injury is “special and different from the concerns of the rest of the community.” Barvenik, supra at 132.

he court rejects the Board’s assumption that because Robert had written notice, Stephen had actual knowledge.

The court further notes that the Board’s decision makes no reference to Lawlor in its statement of individuals and entities which were notified of the hearing.