ANNE G. MOYNIHAN *vs.* TOWN OF ARLINGTON & others. December 27, 1978. The defendants appeal from the judgment entered in the Superior Court in an action by the plaintiff for declaratory relief under G. L. c. 231A. The plaintiff applied to the Arlington retirement board in 1975 for an annuity under G. L. c. 32, § 95A, as amended by St. 1963, c. 656, § 2, accepted by the town of Arlington in 1964, providing for payment of annuities to certain widows of town employees

retired under a noncontributory retirement law. At its 1964 town meeting, the town established a formula for computing the amount of such an annuity: one-half of the employee's regular annual compensation or $1,400, whichever is less, deducting from that amount any income received by the widow in excess of $800 per year (changed in 1972 to $2,200 per year). Since the plaintiff's annual income exceeded $3,600, the Board determined that she was entitled to a nominal annuity of one dollar. The trial judge enjoined the defendants from enforcing the income limitation and ordered them to "offer the plaintiff an annuity and to determine the amount of said annuity consistent with the spirit and intent of the legislation . . . ." We reverse the judgment on the basis of the plain language of § 95A: "[A] town which accepts this section ... shall grant an annuity to [the employee's] surviving spouse ... *in such amount as it may determine,* but not to exceed one half of the regular annual compensation received by such ... employee or three thousand dollars. . . . In the case of a town, the board of selectmen shall, subject to subsequent disapproval or modification by the town meeting, grant such annuity and determine the amount" (emphasis supplied). The plain language of a statute is the primary indicator of its meaning. See *Commonwealth* v. *Gove,* 366 Mass. 351, 354 (1974), citing *Commissioner of Corps. & Taxn.* v. *Chilton Club,* 318 Mass. 285, 288 (1945). While the statute prescribes a mandatory maximum amount for annuities, it does not establish a mandatory minimum amount. In clear language, the Legislature has granted broad discretion to municipalities which accept the provisions of § 95A and has left the ultimate determination of the amount of any annuity to be granted to the voters of the town. Accordingly, the judgment is reversed, and a new judgment is to be entered declaring that the town of Arlington properly exercised its authority in establishing a formula with an income limitation to determine the amount of annuities to be awarded to qualified widows under the statute.

*So ordered.*

The case was submitted on briefs.
*John F. Maher,* Assistant Town Counsel, for the defendants.
*Martin S. Cosgrove & Lewis E. Eisenberg* for the plaintiff.