KATHLEEN M. DEVANEY *vs.* TOWN OF WATERTOWN & others. February 5, 1982. The plaintiff appeals from a judgment entered in the Superior Court on her action for declaratory relief under G. L. c. 231A. The plaintiff applied under G. L. c. 32, § 95A, as amended through St. 1973, c. 347, to the town of Watertown (town) for an annuity available to widows and children of retired public officials and employees. This particular provision was not accepted by the town until after the death of

the plaintiff's husband. The deceased was retired under G. L. c. 32, § 85E(*d*), which mandates the retirement of policemen and firemen who attain the age of sixty-five. At the time the deceased retired, the statute contained no provision for the election of benefits for a surviving spouse. (A subsequent amendment to that provision, § 85J, creating an option for survivor benefits, has never been accepted by the town.) During the twenty-two years of his retirement, the deceased received the full compensation permitted under that statutory provision. The deceased was also entitled to retire under G. L. c. 32, §§ 58, 58B, which prescribe alternative compensation plans, the latter providing for the payment of annuities to certain survivors of retired veterans. The town denied the plaintiff's application for an annuity, taking the position that the legislative intent of § 95A is to authorize cities and towns to pay such annuities only where a retiree had no statutory option to elect such benefits under any available noncontributory retirement law. The trial judge adopted this view and ruled that the plaintiff was ineligible for annuity payments under § 95A. We disagree.

"The general and familiar rule is that a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Industrial Fin. Corp.* v. *State Tax Commn.*, 367 Mass. 360, 364 (1975), quoting from *Hanlon* v. *Rollins*, 286 Mass. 444, 447 (1934). The relevant portion of § 95A states that annuities may be paid to beneficiaries of "any official or employee who was retired . . . under the provisions of *any* noncontributory retirement law . . . and who had no rights under *any such law* to elect that benefits thereunder be paid to a survivor . . ." (emphasis supplied). We think that the meaning and intent of the statute are quite clear. First, the inclusion of the word "such" must necessarily refer back to the particular section under which the employee is retired. Were it otherwise, the Legislature would have inserted in the statute an explicit provision to that effect. Compare G. L. c. 32, § 95, inserted by St. 1953, c. 387, which extends a right of election to all pensioners not entitled to retire under "any general or special law." We thus reject the town's contention that "'[a]ny such law' substitutes for 'any noncontributory retirement law' in the statute" and thus means "any retirement law under which the retiree could have retired." Likewise, we reject the town's implicit notion that the word "such" is unnecessary and is not to be considered in interpreting the statute. Our view is consistent with the canon that "[n]o portion of the statutory language may be deemed superfluous." *Commonwealth* v. *Gove*, 366 Mass. 351, 354 (1974). Further, this interpretation supports the obvious intent of the statute to provide survivor rights to annuitants where none previously existed, thereby adding uniformity within the

statutes affecting retirement law. The right created is retroactive where a retiree, as in this case, is retired under a noncontributory retirement law and predeceases the effective date of the act. See St. 1958, c. 559, § 3. See also *Moynihan* v. *Arlington*, 6 Mass. App. Ct. 960 (1978).

We find no basis to go beyond the clear wording of the statute and, accordingly, we give the word "such" its usual meaning. The judgment is reversed, and a new judgment is to be entered declaring that the plaintiff is entitled to annuity payments in accordance with the provisions of § 95A. See *Moynihan* v. *Arlington, supra*.

Deciding as we do, we need not consider the Contributory Retirement Appeal Board's contention that it had no jurisdiction to hear an appeal with respect to the denial of benefits by the town.

*So ordered.*

*John F. Desmond* for the plaintiff.

*Gary S. Brackett*, Town Counsel, for Watertown Retirement Board & another.

*Mary E. Dacey*, Assistant Attorney General, for Contributory Retirement Appeal Board.