NORFOLK COUNTY RETIREMENT BOARD vs. CONTRIBUTORY
RETIREMENT APPEAL BOARD; GLADYS BUTEAU,
intervener.

Suffolk.  April 8, 1983. — April 22, 1983.

Present: GRANT, KAPLAN, & WARNER, JJ.

*Fire Fighter,* Widow's pension.  *Retirement.*

The widow of a fire fighter who died from a heart attack in the perform-
ance of his duties at the scene of an emergency while administering
first aid to a choking infant was entitled to benefits under G. L. c. 32,
§ 100. [684-685]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 28, 1981.

The case was heard by *Dimond,* J., on motions for sum-
mary judgment.

*Susan J. Baronoff (James R. DeGiacomo* with her) for the
plaintiff.

*Edward J. Quinlan,* Assistant Attorney General, for the
defendant.

*John A. O'Leary* for the intervener.

WARNER, J.  On this appeal it is undisputed that Robert
Buteau, a Westwood fire department lieutenant, died as a
result of an injury, a heart attack, sustained while in the
performance of his duties at the scene of an emergency dur-
ing which he administered first aid to a choking infant.  See
*Buteau* v. *Norfolk County Retirement Bd.,* 8 Mass. App.
Ct. 391 (1979) (a prior action dismissed on procedural
grounds).  Following the suggestion in that case the plain-
tiff reconsidered its decision and entered a new decision,
again denying Buteau's widow the benefits provided by
G. L. c. 32, § 100 (a pension of the full amount of the max-
imum salary set for Buteau's position), and granting the lesser
benefits provided under G. L. c. 32, § 9.  The defend-

ant reversed this decision and ordered the plaintiff to grant the widow's application for § 100 benefits.[1] In the Superior Court the parties stipulated that the case could be decided on the findings of the defendant's hearings officer. The widow's motion for summary judgment (Mass.R.Civ.P. 56, 365 Mass. 824 [1974]) was allowed, and a judgment entered affirming the defendant's decision and directing the plaintiff to grant the application for § 100 benefits. We affirm.

Section 100, as amended by St. 1974, c. 564, provides for a widow's pension of the full amount of the salary of a fire fighter who "while in the performance of his duties and [1] as the result of an accident while responding to or returning from an alarm of fire or any emergency, or [2] as the result of an accident involving a fire department vehicle, which the firefighter is operating or in which he is riding, or [3] while at the scene of a fire or any emergency is killed or sustains injuries which result in his death . . . . "[2]

The only issue presented by the plaintiff on appeal is whether the hearings officer, and, therefore, the defendant, which adopted her findings and recommended decision as its own, committed an error of law in construing clause [3] of § 100 as not requiring that the death or injuries which led to death be the result of an accident.

The plaintiff argues that clause [3], under which the defendant concluded that the widow was entitled to benefits, must be read along with the "earlier requirement" that an accident occurred which caused the death. Such a construction is contrary to the plain meaning of the language of the statute, and we reject it. See *Selectmen of Topsfield* v. *State Racing Commn.*, 324 Mass. 309, 312-313 (1949); *Moynihan* v. *Arlington*, 6 Mass. App. Ct. 960 (1978). It would require, at least, that we ignore or treat as surplusage

---

[1] The defendant in its decision inadvertently referred to the conditions for allowance of benefits under G. L. c. 32, § 9; but its direction, when viewed in light of its hearings officer's findings and recommended decision, is clearly for the allowance of § 100 benefits, and all parties have treated it as such.

[2] The bracketed numbers are inserted for ease of reference to clauses.

the words "as the result of an accident" in clause [2] in contravention of well-established principles of statutory construction (see *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.*, 352 Mass. 617, 618 [1967]) and that we either ignore or give other than its ordinary disjunctive meaning to the word "or" which separates the clauses, where the context and the apparent purpose of all the language of the statute do not so dictate. See *Eastern Mass. St. Ry.* v. *Massachusetts Bay Transp. Authy.*, 350 Mass. 340, 343 (1966).

It is unnecessary to look beyond the pertinent language of § 100, quoted above, to determine its meaning. See *Commonwealth* v. *Gove*, 366 Mass. 351, 354 (1974); *Zoning Bd. of Appeals of Greenfield* v. *Housing Appeals Comm.*, *ante* 553, 561-562 (1983). The legislature has defined three situations in which the circumstances of the death of a fire fighter give rise to the widow's eligibility for a pension equal to the full amount of the salary of the fire fighter. Under clauses [1] and [2] the death or injuries leading to death must be as a result of an accident while the fire fighter is engaged is specific activities, but under clause [3] it is sufficient if the fire fighter dies or suffers injuries resulting in death "while at the scene of a fire or any emergency." On the undisputed facts of this case it is clear that the widow was entitled to benefits under clause [3]. There was no error.

*Judgment affirmed.*