Hely, J.
A. Introduction
The plaintiff, a neighboring landowner, has appealed under G.L.c. 40A, §17, from a decision of the Pembroke Zoning Board of Appeals. The board’s decision of November 18, 1998, granted site plan approval to Seavey Engineering Associates, Inc. under Section V.7 of the town zoning by-law. The decision allowed Seavey to erect on its property a forty-seven foot high platform for testing antennas. The approved platform location was near Seavey Engineering’s commercial building at a spot where the plaintiff could see the platform from his house. The plaintiffs appeal is dismissed for the reasons stated below.
*132 B. Findings and Rulings
The Seavey Engineering property is in an Industrial B zone. The plaintiff is a “party in interest” under G.L.c. 40A, §11. He is either an abutter or an owner of land directly opposite the Seavey Engineering property on a public or private street or way. There are twenty-nine lots that either abut the Seavey Engineering property or otherwise qualify the owners as parties in interest. The plaintiffs lot is residential, and he lives in his home there. The address of the plaintiffs property is 337 Water Street.
The plaintiff contends that he did not receive notice of the Zoning Board of Appeals hearing on the matter on October 13, 1998. The plaintiff does not claim that the board did not comply with the newspaper publication and town hall notice provisions of G.L.c. 40A, §11. The plaintiff claims instead that he did not receive the mail notice required by that section for “parties in interest.” Parties in interest included abutters, owners of land directly opposite on a public or private street or way, and abutters to abutters within three hundred feet of the Seavey Engineering property line. G.L.c. 40A, §11. The plaintiff is a party in interest because his lot either abuts the Seavey Engineering property or is directly opposite it on a public or private way.
G.L.c. 40A, §11, requires the board to send mailed notice of the hearing to all parties in interest. The section further provides: “The assessors maintaining any applicable tax list shall certify to the permit granting authority . . . the names and addresses of parties in interest and such certification shall be conclusive for all purposes.” Section VI.3 of the zoning by-law states that the mailed notice to abutters shall be sent to abutters “as they appear on the most recent applicable tax list...”
The certified abutters list used by the board for notice to parties in interest notices in this case included 337 Water Street as an abutting lot and identified Brian Curley as the owner. On September 25, 1998, the board mailed the required notice to the abutters on this list, including Brian Curley. At the October 13, 1998, hearing, no one spoke in opposition to the site plan approval.
The plaintiff did not take title to his property from Brian Curley until January 6, 1998. Assuming without deciding that the plaintiff did not receive actual notice of the October 13, 1998, hearing, this did not render the board’s decision invalid. Notice in compliance with G.L.c. 40A, §11, was mailed to Brian Curley as the owner of the 337 Water Street lot. On January 1, 1998, Brian Curley was the owner of the 337 Water Street property. A local board of assessors assesses real estate taxes “to the person who is the owner on January first, and the person appearing of record” in the county or district registry of deeds as the owner on January first. G.L.c. 59, §11. Brian Curley was both the actual owner and the record owner of the 337 Water Street property on January 1, 1998.
The zoning board of appeals lawfully relied on the most recent tax list certified by the board of assessors. Under the notice requirements of G.L.c. 40A, §11, this certified tax list is “conclusive for all purposes.” By this statute, mailed notice to the parties in interest as they are identified on the assessors’ certified tax list is sufficient as a matter of law. The decision of the board therefore did not exceed its authority. G.L.c. 40A, §17; see Kasper v. Board of Appeals of Watertown, 3 Mass.App.Ct. 251, 256-57 (1975); Chiuccariello v. Building Commissioner of Boston, 29 Mass.App.Ct. 482, 486 (1990).
The complaint also alleges that the board’s decision was arbitrary and capricious. The plaintiff presented no evidence in support of this claim. The board’s decision was supported by substantial evidence. The court finds that there is no other technically feasible location on the defendant’s property for the forty-seven foot antenna testing platform. Locating the platform elsewhere on the defendant’s property would result in obstructions of the antenna signals and prevent effective antenna testing. John Seavey’s testimony was convincing on this point. The court also notes that Section IV.5A.D. 10 of the by-law provides that “towers and other projections not used for human occupancy may extend a reasonable height above the height limits herein fixed [three stories].” In approving the site plan, the board acted permissibly under G.L.c. 40A and the zoning by-law.
C. Order
A judgment will enter dismissing the plaintiffs appeal.