Tucker, Richard T., J.
INTRODUCTION
This action arises from Gerald Baker and Robert Baker’s (collectively “the Bakers”) petition for a variance pertaining to two parcels of real estate located at 143 Rivulet Street, Uxbridge, Massachusetts (collectively “the locus”). The Bakers contend that they are entitled to a constructive variance after the Uxbridge Zoning Board of Appeals (“ZBA”) failed to timely act on their petition. The defendants maintain that the Bakers did not provide the requisite notice to all parties in interest, as required to obtain a constructive variance. Before the court are the parties’ Cross Motions for Summary Judgment. For the reasons that follow, the Bakers’ motion will be ALLOWED and the defendants’ motion will be DENIED.
BACKGROUND
The following facts are undisputed. On April 16, 2003, the Bakers submitted petitions to the ZBA requesting variances for the locus, pursuant to the Uxbridge zoning by-laws. Both petitions requested leave to establish a single-family house lot with fourteen feet of frontage, less than the minimum frontage required in the by-laws.
Pursuant to G.L.c. 40A, §11, Uxbridge Principal Assessor Robert Fitzgerald supplied the ZBA with a certified “List of Property Owners in Connection with Public Hearing on Petition of.. . Gerald Baker Jr. and Robert S. Baker” (“the Assessor’s list"). That list did not include the Uxbridge Planning Board or the planning boards of adjoining towns (“the planning boards”). Required notice was sent to the listed abut-ters concerning a public hearing. The hearing, however, was repeatedly continued, ultimately causing there to be no action taken by the ZBA within 100 days of the filing of Bakers’ petitions.
On August 4, 2003, the Bakers requested that the Uxbridge Town Clerk issue a constructive variance. See G.L.c. 40A, §15. The Bakers notified all persons on the Assessor’s list. They did not notify the planning boards.
On August 6, 2003, the ZBA held a public hearing on the Bakers’ petitions, and denied them. On September 2, 2003, the Uxbridge Town Clerk refused to grant the constructive variances. This action followed.
DISCUSSION
The familiar standard governing motions for summary judgment provides that summary judgment shall be granted forthwith where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm'r of Corr., 390 Mass. 419, 423 (1983). In assessing the record on a motion for summary judgment, all reasonable inferences are drawn in favor of the nonmoving party. Terra Nova v. Fray-Witzer, 449 Mass. 406, 411 (2007).
General Laws chapter 40A, Section 15 allows the Bakers to seek a constructive variance given the ZBA’s inaction on their petition for 100 days. However, G.L.c. 40A, §15 requires a petitioner requesting a constructive variance to “send . . . notice to parties in interest.” In turn, G.L.c. 40A, §11 provides, “Parties in interest ... shall mean the petitioner, abutters, owners of land directly opposite on any public or private street or way, and abutters to the abutters within three hundred feet of the property line of the petitioner as they appear on the most recent applicable tax list, notwithstanding that the land of any such owner is located in another city or town, the planning board of the city or town, and the planning board of every abutting city or town.” “The assessors maintaining any applicable tax list shall certify to the permit granting authority or special permit granting authority the names and addresses of parties in interest and such certification shall be conclusive for all purposes.” Id.
The Bakers maintain that, since the planning boards were not included in the Assessor’s list, which is deemed “conclusive for all purposes,” they were not required to send notice to them. The defendants respond that G.L.c. 40A, §11, by its explicit terms, identifies the planning boards as parties in interest. Thus, the court is left to reconcile two seemingly incompatible statutory directives.
The parties agree that the task of the court in construing statutory provisions is to give effect to all the language appearing in a statute, so that none is superfluous. Devaney v. Town of Watertown, 13 Mass.App.Ct. 927, 928 (1982). Here, the Legislature expressly provided that the Assessor’s list of parties in interest would be “conclusive for all purposes.” If this court were to adopt the defendants’ position, that the planning boards remained parties in interest despite not being included on the Assessor’s list, “the ‘conclusive’ language would have no meaning.” Rice v. McGuire, Land Court Action No. 281572, 2006 WL 1752416 *4 (Mass. Land Ct. June 27, 2006) (Sands, J.).
Because of the statutory imperative that the Assessor’s list shall be conclusive for all purposes, “there is nothing in the statute ... to suggest that a mistake” in the Assessor’s list “nullifies the ‘conclusive’ language” in the statute. Id. See, e.g., Nezuh v. M&M Real Estate, Inc. Civil Action No. 08-1338 (Worcester Super.Ct. July 10, 2009) (Lemire, J.) (party mistakenly included in assessor’s list was party in interest, under “plain reading” of G.L.c. 40A, §11); Therrien v. Global Prop. Dev. Corp., Civil Action No. 06-14 10, 2006 WL 2846948 *3 (Worcester Super.Ct. Sept. 29, 2006) (Agnes, J.) [21 Mass. L. Rptr. 473] (same); Malloy v. Parks, Civil Action No. 98-1524 (Plymouth Super.Ct. May 2, 2001) (Hefy, J.) [13 Mass. L. Rptr. 131] (omission of property owner’s name from assessors’ list meant he was not entitled to notice because “notice to the parties in interest as they are *269 identified on the assessors’ certified tax list is sufficient as a matter of law”).
Thus, the provision in §11 that the Assessor’s list is conclusive for all purposes has been consistently interpreted to override the list of people who qualify as parties in interest in §15. Accordingly, the omission of the planning boards from the Assessor’s list here is conclusive, and the Bakers were not required to send them notice.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs Gerald Baker, Jr. and Robert Bakers’ motion for summary judgment is ALLOWED and this court DECLARES that the plaintiffs have satisfied the requirements for a Constructive Grant of Variance from the Uxbridge Zoning Board for property located at 107 Rivulet Street, Uxbridge, Massachusetts. The defendants’ motion for summary judgment is DENIED.