RICHARD F. McDERMOTT *vs.* WATERTOWN HOUSING AUTHORITY & others.[1] No. 86-1375. April 28, 1988. *Open Meeting Law. Housing Authority. Public Employment,* Termination. *Practice, Civil,* Declaratory proceeding. *Declaratory Relief.*

The plaintiff served as director of maintenance of the Watertown housing authority from April, 1977, to October 7, 1980, when, after a highly negative performance evaluation, he was discharged. Because the plaintiff's performance had been the subject of several executive sessions of the authority that violated the provisions of the open meeting law, G. L. c. 39, §§ 23A and 23B, a judge sitting in the Superior Court ordered that the authority conduct a public hearing, presenting the plaintiff in advance with notice of the charges against him and giving him an opportunity to confront the witnesses against him and to present his rebuttal. The judge had authority to order rescission of the vote discharging the plaintiff but did not do so. (The authority to order reinstatement affirmatively was not made explicit until St. 1983, c. 648.) All these remedies were discretionary with the judge. *Tebo* v. *Board of Appeals of Shrewsbury*, 22 Mass. App. Ct. 618, 623 (1986), *S.C.*, 400 Mass. 464 (1987). It is not contended that the judge abused his discretion.

The authority then conducted eleven evening hearings, commencing December 8, 1980. The final hearing was on January 18, 1982. At a meeting on February 1, 1982, the authority voted to rehire the plaintiff in the resurrected position of director of maintenance (the position had been abolished after the plaintiff's discharge and its duties incorporated in a new position called director of maintenance and rehabilitation) and to give him back pay from his discharge, all subject to the approval of the Executive Office of Communities and Development. (Such approval was necessary under the authority's financial assistance contract with the executive office.)

[1] The Executive Office of Communities and Development and the Secretary of Communities and Development.

The approval, however, was denied, for the reasons that the "settlement" would result, as a practical matter, in two directors of maintenance with overlapping responsibilities and that the authority would exceed its budget. The executive office suggested that the authority might wish to appoint the plaintiff to a vacant, funded position for which he was qualified, should such a position become available.

With matters in this state, the plaintiff was given leave to file an amended complaint, wherein he sought a declaration that the authority had failed to comply with the previous court order and that the executive office had acted arbitrarily and capriciously in refusing to approve the settlement. He also sought a judgment ordering reinstatement and awarding back pay, attorney's fees, and other expenses.

The judge correctly ordered summary judgment for both defendants. There is no suggestion in the record that the authority did not fully comply — indeed, it bent over backwards to comply — with the original court order. The relief given in that order was not reinstatement but a full, open, public airing of the reasons for the plaintiff's discharge. This was accomplished in the eleven public hearings. A decision by the executive office to preclude spending in excess of budget and to avoid the creation of a duplicative position cannot be characterized as arbitrary or capricious. Fiscal reasons are not "inapposite or unreasonable considerations." *West Broadway Task Force, Inc.* v. *Commissioner of Dept. of Community Affairs*, 363 Mass. 745, 751 (1973). The letters written by executive office officials long after the denial, listing additional reasons why the denial should not be disturbed, cannot reasonably be read as suggesting that the fiscal issues were not the basis of the decision to disapprove. What is missing in the plaintiff's case is any plausible suggestion as to a source of a legal duty on the defendants' part to rescind the plaintiff's discharge. He does not contest that he was untenured, not having served five years. The open meeting law violation has been remedied. The court order has been complied with. The case was appropriate for summary judgment. This being an action for declaratory relief, however, the judgment should have declared the rights of the parties. See *Boston* v. *Massachusetts Bay Transp. Authy.*, 373 Mass. 819, 829 (1977), and cases cited. The judgment is to be modified to declare that the housing authority has complied with the original court order, that the Secretary of Communities and Development and the Executive Office of Communities and Development did not act arbitrarily and capriciously in refusing to approve the settlement arrangement, and that the plaintiff has no right to reinstatement or damages. As so modified the judgment is affirmed.

*So ordered.*

*Joseph A. MacRitchie* for the plaintiff.

*Cheryl L. Conner,* Assistant Attorney General, for Executive Office of Communities and Development & another.

*Susan C. Cohen* for Watertown Housing Authority.