DAVID LAPIDUS, trustee,[1] *vs.* BOARD OF APPEAL OF BOSTON
& others.[2]

No. 99-P-746.

Suffolk. February 27, 2001. - May 30, 2001.

Present: GREENBERG, RAPOZA, & KANTROWITZ, JJ.

*Zoning,* Variance, Nonconforming use or structure. *Practice, Civil,* Zoning
appeal. *Laches.*

A complaint filed in 1995 challenging the issuance of a use permit by the city
of Boston some twenty-three years earlier was time-barred, despite the
absence of a specifically applicable provision in the Boston zoning enabling
act, St. 1956, c. 665, where the conditions complained of should have been
obvious to the plaintiff, and where no action by the defendant board of ap-
peal, or anyone else, barred or prevented the plaintiff from taking action at
an earlier date. [725-727]

CIVIL ACTION commenced in the Superior Court Department on
February 20, 1997.

The case was heard by *Peter M. Lauriat,* J., on a motion for
summary judgment.

*Herbert P. Gleason* for Elizabeth Beyranevand.

*Thomas Frisardi* for Madra Mor, Inc.

*Robert Brunelli,* Assistant Corporation Counsel, for Board of
Appeal of Boston.

KANTROWITZ, J. Some twenty-three years after the city of
Boston issued a permit for the use of certain premises as a
restaurant with entertainment, the plaintiff[3] requested that the

---

[1]Of Cyprus Realty Trust.

[2]Chong Fan Fong, the owner of the premises, and Madra Mor, Inc., lessee
of the premises.

[3]In referring to the plaintiff in the text, we do not distinguish between Lapi-
dus and his predecessor in title to real property abutting the premises. The
amended complaint filed in the Superior Court named as plaintiffs Elizabeth
Beyranevand (Lapidus's predecessor in title), Audubon Circle Neighborhood

commissioner of the inspectional services department (commissioner) investigate the use and revoke the permit if the premises were not properly zoned for such use. Given "the Legislature's desire for finality [in the appeals process]," *Chiuccariello* v. *Building Commr. of Boston*, 29 Mass. App. Ct. 482, 489 (1990), we conclude, in the facts and circumstances of this case, that the passage of twenty-three years precludes an appeal of the decision.

The underlying facts are not in dispute. On October 27, 1972, the city of Boston issued a permit allowing the property located on the corner of 835-843 Beacon Street and 4-12 Miner Street[4] (a residential parcel), to be used as a restaurant with entertainment (premises). Two subsequent building permits were issued on February 12, 1975, and May 25, 1978, again recognizing the "legal occupancy or use" of the premises as a restaurant with entertainment.

In a letter dated October 23, 1995, addressed to the commissioner, the plaintiff "request[ed] that [the commissioner] examine the proposed reuse of the [p]remises to determine if it is forbidden by the Boston Zoning Code. If [commissioner] so conclude[d], [the plaintiff] request[ed] that [the commissioner] revoke the [c]ertificate of [o]ccupancy." The plaintiff claimed that the premises were in violation of the zoning code because there was no evidence that (1) a necessary variance had been obtained prior to the granting of the permit, and (2) the restaurant was a nonconforming use of the property.

On June 18, 1996, in response to the letter, a special assistant corporation counsel for the inspectional services department informed the plaintiff that an examination of the pertinent records showed that the use of the premises as a restaurant with entertainment had been legal since 1972.[5]

Dissatisfied with this response, the plaintiff appealed to the

---

Association, Inc., David Lapidus, trustee, and Katherine L. Greenough. Lapidus is the only appellant.

[4]The two addresses refer to the same corner parcel.

[5]The letter also stated: "In addition to the permit issued on October 27, 1972, confirming the occupancy as a restaurant with entertainment, this department issued a Certificate of Use and Occupancy on June 15, 1978 for 835-843 Beacon Street as a restaurant . . . for an occupancy load of 550 people. The plan filed with the Certificate of Use and Occupancy clearly shows a restaurant

board of appeal (board) pursuant to § 8 of the Boston zoning enabling act.[6] On January 7, 1997, the board issued its decision, ruling that the plaintiff had not made his complaint in a timely manner.[7] The plaintiff appealed from the board's decision to the Superior Court, which ultimately granted summary judgment in favor of the defendants. The judge ruled that the letter from the special assistant corporation counsel was not a decision and thus was not appealable.[8]

On appeal to this court, the plaintiff argues that his letter of October 23, 1995, was a request for enforcement of the Boston zoning code and enabling act and for revocation of the permit for the premises. He maintains that the response from the special

use at this structure. This department thereafter issued annual Certificates of Inspection for a restaurant with a capacity of 550 people."

"Based on the official record found in the building jacket it is clear that the [*sic*] in 1972 the legal use and occupancy of these addresses was confirmed as, among other uses, a restaurant with entertainment. All subsequent documents confirm such a use. In addition, the occupancy load has remained consistent at 550 people since 1978."

[6]The relevant portion of § 8 of the enabling act, as amended through St. 1972, c. 802, § 66, states: "Any board or officer of the city or any person aggrieved by reason of being refused a permit by any administrative official under the provisions of the state building code or by reason of any order or decision of the building commissioner or other administrative official in violation of any provision of the state building code or any zoning regulation or amendment thereof adopted under the state building code may appeal to said board of appeal within forty-five days after such refusal, order or decision. . . ."

[7]The decision read, in part: "The premises in question are located in the Fenway section of the City of Boston. This appeal seeks a determination that the Inspectional Services Department erred in issuance of Permit #1272 dated 10/17/72 and certificate of occupancy issued in conformance with the use confirmed by permit #1272.

"Based upon the facts presented at the public hearing before the Zoning Board of Appeal on November 19, 1996, the challenge to the existing use and occupancy is not filed before this Board in a timely manner. Therefore, the Board . . . is of the opinion that this appeal is denied."

[8]The judge reasoned: "The [plaintiff's] letter, however, merely asked the Commissioner to investigate if the premises [were] properly zoned, and if not, to take the appropriate action. [Special assistant corporation counsel] determined that the premises [were] legally zoned for a restaurant with entertainment, and thus the Commissioner took no further action. [Counsel's] response, therefore, does not constitute an appealable refusal, decision, or order of the Commissioner in violation of a zoning regulation or amendment. As such, the [plaintiff] could not appeal [counsel's] letter . . . ."

assistant corporation counsel denying the request was a decision and thus appealable.

Conversely, the defendants assert both that the letter was not a decision within the meaning of § 8 of the Boston zoning enabling act and that, even if it were, the action was time-barred, coming more than twenty years after the issuance of the building permit.

Regardless of the categorization of the response,[9] for the purposes of this case, the end result is the same. Assuming, without deciding, that the letter from the special assistant corporation counsel was a decision of the commissioner and thus appealable, given the lapse of time since the issuance of the original permit confirming the use, the action is time-barred.

The defendants correctly contend that the plaintiff is "essentially challenging the issuance of the use permit from a quarter century ago." If the Massachusetts Zoning Act, G. L. c. 40A, applied, the argument of the plaintiff, as conceded at oral argument, would be foreclosed. Under § 7 of the Zoning Act, in situations where improvements have been made pursuant to a building permit, challenges to a use must be brought within six years of the issuance of the permit.[10]

The premises in question are, however, located in Boston. As such, the Boston zoning enabling act, St. 1956, c. 665, and amendments thereto, as opposed to G. L. c. 40A, controls. *Emerson College* v. *Boston*, 393 Mass. 303 (1984). Unlike G. L.

---

[9]Compare, e.g., *Kolodny* v. *Board of Appeals of Brookline*, 346 Mass. 285, 287-288 (1963) (commissioner's letter was "not a 'decision' from which an appeal may be taken . . . for it is no more than a reaffirmation of the decision . . . to issue the permits"), with *Vokes* v. *Avery W. Lovell, Inc.*, 18 Mass. App. Ct. 471, 474-475 (1984) (court treated letter from town building inspector as an appealable decision), and *Brady* v. *Board of Appeals of Westport*, 348 Mass. 515, 522 (1965) ("A decision of the enforcing officer that there is not a violation is, in a sense, a decision 'in violation of' the zoning laws, if the establishment complained of exists in violation of law").

[10]General Laws c. 40A, § 7, as amended through St. 1989, c. 341, § 21, states, in pertinent part: ". . . if the real property has been improved and used in accordance with the terms of the original building permit issued by a person duly authorized to issue such permits, no action, criminal or civil, the effect or purpose of which is to compel the abandonment, limitation or modification of the use allowed by said permit . . . shall be maintained, unless such action . . . is commenced . . . within *six years* next after the commencement of the alleged violation of law" (emphasis added).

c. 40A, the Boston enabling act does not contain a statute of repose.

"Although G. L. c. 40A does not govern the present matter, we nonetheless find it a helpful guide in defining the time within which an appeal may be brought and the relief which may be sought." *Chiuccariello* v. *Building Commr. of Boston*, 29 Mass. App. Ct. at 488 (footnotes omitted). In *Chiuccariello*, abutters waited six months to contest the allowance of a variance. This court held that action time-barred despite the absence of a specifically applicable provision in the Boston zoning enabling act. In its analysis, the court cited and applied § 17 of c. 40A, which mandated a ninety-day period within which to appeal. "General Laws c. 40A and St. 1956, c. 665, share common purposes and allow for the rendering of comparable decisions. . . . We view . . . G. L. c. 40A, § 17, as an indication of the Legislature's desire for finality in the variance appeals process. We impute the same legislative concern and intention, that there be both a beginning and an end to this process, to the Boston enabling act." *Id.* at 488-489.

That same consideration exists in the case at bar. Because the complaint was filed in 1995, over two decades after the first permit was granted, we conclude that, in the circumstances of this case, the suit is time-barred. During that time, the conditions here complained of should have been obvious to the plaintiff, and no action by the defendants, or anyone else, barred or prevented the plaintiff from taking action at a far earlier date. See generally *Chilson* v. *Zoning Bd. of Appeal of Attleboro*, 344 Mass. 406, 409 (1962) (issue of nonconforming use not reached as nine-year interval had passed); *Cape Resort Hotels, Inc.* v. *Alcoholic Lic. Bd. of Falmouth*, 385 Mass. 205, 219 (1982) ("The judge correctly held that even if this use of the space was illegal in 1961, under G. L. c. 40A, § 7, the association's action to enjoin that use comes too late").

*Judgment affirmed.*