Fishman, Kenneth J., J.

INTRODUCTION

This matter comes before this Court on the defendants Massachusetts Mills I, Limited Partnership, Massachusetts Mills II, Limited Partnership, Massachusetts Mills III, Limited Partnership and Napping Building, Limited Partnership (“the Partnerships”) motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The plaintiff, Judith Flood (“Flood”), commenced this action with a single-count complaint seeking a declaratory judgment annulling various permits and variances granted by the defendant Lowell Board of Appeals (“BOA”) to the Partnerships. Flood alleges that the BOA failed to publish the requisite notice of the public hearing it held on the Partnerships’ application, thereby denying Flood any opportunity to appear in opposition in violation of her due process rights. The Partnerships move to dismiss, citing the applicable statute of repose. For the reasons discussed below, the Partnerships’ motion to dismiss is DENIED.

BACKGROUND

The plaintiffs complaint alleges the following. Joseph Mullins, as general partner of the Partnerships, appeared before the BOA on August 12, 2003, seeking variances and special permits for parcels, including the Napping Building, located at 81 Bridge Street in Lowell, Massachusetts. Flood owns a condominium unit in the Napping Building and holds a 10.5 percent ownership interest in the condominium as a whole. The Partnerships sought to re-zone the Napping building from commercial to residential, alter its parking and demolish a portion of it. G.L.c. 40A, §11 requires the BOA to give public notice of such hearings in the form of publication, posting and mailing to certain abutters. The BOA’s records indicate that the notices prepared for the August 12, 2003 hearing make no reference to the Napping Building or to 81 Bridge Street.[2]
The BOA granted the relief sought by the Partnerships. In a decision issued by the Board on August 22, 2003 the BOA recites publication of the required notice in the Lowell Sun on July 29, 2003, and August 5, 2003. Editions of the Lowell Swi for those dates on file at the Lowell Public Libraiy contain no such notice. The narrative application submitted by the Partnerships refers to the Napping Building, seeking a special permit to convert the entire building to residential use. The Partnerships never advised Flood of the proposed change of use. On March 31, 2004, the Partnerships applied to the Lowell Historic Commission for relief from regulations concerning the Napping Building. That hearing was noticed in the Lowell Sun, and Flood also received notice via the mail. She appeared at the hearing through counsel and opposed the proposed relief sought by the Partnerships. At the Historic Commission hearing, Flood first learned of the zoning relief granted to the Partnerships the previous August. On April 2, 2004, the Partnerships applied to the BOA *388 to amend the permits and variances they had earlier received. The BOA noticed and held a public hearing on April 27, 2004, at which Flood appeared in opposition. Had Flood known of the August 12, hearing, she would have appeared in opposition, and, if necessary, appealed the BOA’s decision to the Superior Court.
Flood filed this action on July 9, 2004. She seeks a declaratory judgment that the BOA failed to give the required notice of the August 12, 2003 hearing, and, therefore, that the BOA acted without jurisdiction to grant the relief sought by the Partnerships on that date. She seeks to have this Court annul the BOA’s decision of August 22, 2003, and order a new hearing on the merits.

DISCUSSION

Massachusetts Civil Procedure Rule 12(b)(6) permits the dismissal of a complaint for a failure to state a claim upon which relief may be granted if “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 97-98 (1977), quoting Conley v. Gibson, 355 U.S. 4145-46 (1957). To survive a motion to dismiss, the complainant need not advance the correct legal theory but merely must provide a “short and plain statement of the claim showing that the pleader is entitled to relief.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979), quoting Mass.R.Civ.P. 8(a)(1). In assessing amotion to dismiss, the court accepts as true all allegations in the complaint as well as any reasonable inferences drawn thereon. See General Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992); Nader, 372 Mass at 98.
G.L.c. 40A, §17 sets forth the time limit within which an aggrieved party may appeal to the Superior Court from an unfavorable decision of a zoning board of appeals. The generally applicable rule is that aggrieved parties must commence any appeal within twenty days after the filing of the BOA’s decision with the town clerk. G.L.c. 40A, §17. The same section further states:
The foregoing remedy shall be exclusive, notwithstanding any defect of procedure or of notice other than notice by publication, mailing or posting as required by this chapter, and the validity of any action shall not be questioned for matters relating to defects in procedure or of notice in any other proceedings except with respect to such a publication, mailing or posting and then only by a proceeding commenced within ninety days after the decision has been filed in the office of the city or town clerk, but the parties shall have all rights of appeal and exception as in other equity cases.
Flood undisputedly filed her action more than ninety days after the BOA’s decision was filed with the Lowell City Clerk. The Partnerships contend that this defect is fatal to Flood’s suit. Flood argues that the statutory language quoted above expressly permits equity actions such as those brought under G.L.c. 231A, even outside the ninety-day period, and that the BOA’s failure to give notice constitutes a denial of Flood’s due process rights.
As Superior Court Justice Gants noted in a similar case, “(tjhis case presents an equitable dilemma.” Metro Park Corp. v. Mongeau, 15 Mass L. Rptr. 482 (2002), 2002 WL 31957007 *3. This Court must balance the legislature’s stated goal of according local zoning decisions a measure of finality against a property owner’s statutory right to notice of proceedings affecting his property. Two issues present themselves. The first is the issue of actual knowledge. The second is prejudice. Each involves a question of fact, and, accordingly, guides this Court’s decision on the pending motion.
The parties do not dispute Flood’s status as an abutter entitled to notice. See Bedford v. Trustees of Boston University, 25 Mass.App.Ct. 372, 376 (1988) (“abutting landowner enjoys a presumption of being a ‘person aggrieved’ ”). While Flood argues that the failure to provide notice deprived the BOA of jurisdiction to act, and thus the permits and variances are per se invalid, this Court expressly rejects that proposition, particularly given the open question as to Flood’s actual knowledge of the proceedings. See Chiuccariello v. Bldg. Comm’r of Boston, 29 Mass.App.Ct. 482, 486 (1990). Rather, the abutter must show more than a simple failure of notice, but also that she suffered some prejudice as a result of the failure to give notice. Kasper v. Bd. of Appeals of Watertown, 3 Mass.App.Ct. 251, 257 (1975). Flood can demonstrate the required prejudice by establishing that she lacked actual or timely notice of the hearing, so that she was denied an opportunity to oppose the Partnerships’ applications for variances and special permits. Id. at 257. Even if the defendants failed to provide the statutory notice, Flood may still be without a remedy if she had actual notice of the proceedings and failed to act in a timely fashion. Chiuccariello, 29 Mass.App.Ct. at 486-87. In her complaint, Flood alleges alack of actual notice and a lack of statutory notice. Accepting those allegations at face value, the plaintiff may bring this equitable action even in light of the statutory 90-day limit. See Chiuccariello, 29 Mass.App.Ct. at 487, citing Gamer v. Zoning Bd. of Appeals of Newton, 346 Mass. 648, 649 (1964).
It is important to note, however, that the Supreme Judicial Court, in Cappuccio v. Zoning Bd of Appeals of Spencer, 398 Mass. 304 (1986), discussed the impact of the 1975 amendments to G.L.c. 40A, §17, and concluded that St. 1975, c. 808 “intended to limit the time for filing a challenge to an action of a board on the ground that a defect in procedure or notice had deprived the board of jurisdiction over the matter.” The Court expressly recognized that case that the new language in that section — "but the parties shall have all rights of appeal and exception as in other equity *389 cases" — did not create an expanded right to seek review of board actions on their merits, but simply preserves the rights of the parties in an otherwise properly-commenced trial court action. Cappuccio, 398 Mass, at 310 n 8. Thus, even if Flood establishes potential prejudice from the lack of notice, she would not be entitled to the relief she seeks, i.e., the annulment of the BOA’s actions in granting the variances and special permits. Rather, at most, she would be entitled to a further hearing by the BOA, with proper notice, at which the BOA could reconsider its actions. See Metro Park Corp., 2002 WL 31957007 *6.
In any event, the questions of actual notice and actual prejudice are questions of fact inappropriate for resolution on a Rule 12 motion. For that reason, and for the reasons discussed above, this Court must deny the defendants’ motion to dismiss.

ORDER

For the foregoing reasons, it is hereby ordered that the defendants’ motion to dismiss is DENIED.

The notices refer to 121, 133, 159, 159.1, 159.2, 159.3, 169, 169.1, 169.2 and 179 Bridge Street.