**Maria A. KITRAS, et al. Plaintiffs,**

v.

**TOWN OF AQUINNAH, Defendants.**

**No. CIV.A. 03–11590–NMG.**

United States District Court,
D. Massachusetts.

June 30, 2005.

Cara Daniels, Rackemann, Sawyer & Brewster, Boston, for Betsy Wice, David Wice, Defendants.

Michael A. Goldsmith, Reynolds Rappaport & Kaplan LLP, Edgartown, for Town of Aquinnah, Estate of Leonard F. Vanderhoop, Jr., Defendants.

Benjamin L. Hall, Jr., Edgartown, for Benjamin Hall, Defendant.

Brian M. Hurley, Rackemann, Sawyer & Brewster, Boston, for Betsy Wice, David Wice, Defendants.

Nicholas A. Iannuzzi, Jr., Rothburg, Estner, Orsi, Arone & Grumbach, LLP, Wellesley, for Estate of Leonard F. Vanderhoop, Jr., Defendant.

Ronald H. Rappaport, Reynolds Rappaport & Kaplan LLP, Edgartown, for Estate of Leonard F. Vanderhoop, Jr., Defendant.

Jennifer S.D. Roberts, Rackemann, Sawyer & Brewster, Boston, for Town of Aquinnah, Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

This case arose from a dispute over access to property and easement rights in Aquinnah, Massachusetts. A suit filed by plaintiffs in 1997, which sought easement rights over defendants' property, has been dismissed. In 2003, plaintiffs filed this action, seeking a declaratory judgment that title to their property had been clouded in violation of 25 U.S.C. § 1771, alleging that their property had been taken in violation of the Fifth and Fourteenth Amendments and alleging that their rights pursuant to 42 U.S.C. §§ 1983 and 1985 had been violated. On September 30, 2004, this Court allowed defendant Town of Aquinnah's motion to dismiss the complaint, based upon several legal grounds, and, because that ruling dismissed the case in its entirety, the Court denied the other defendants' motions to dismiss as moot.

Before the Court is plaintiffs' motion for reconsideration of this Court's order dismissing the complaint. Town of Aquinnah has opposed the motion.

Plaintiffs' motion for reconsideration raises no new legal grounds to support their claims and does not convince the Court that the Court's September 30, 2004 decision was erroneous. In essence, it summarizes the arguments that were raised in plaintiffs' opposition to Town of Aquinnah's motions to dismiss, which were rejected once before by this Court. The motion for reconsideration will be denied.

The Town of Aquinnah also notes that plaintiffs, a variety of realty trusts, are represented *pro se* by members of those trusts in violation of Local Rule 83.5.3(c). It contends that it should not have to respond to "repetitive, meritless filings" by these *pro se* litigants. Although this Court would be inclined to allow a trustee who is also the sole beneficiary of a trust to represent that trust *pro se*, such is not the case here and the plaintiffs will not, therefore, be permitted hereafter to file pleadings on behalf of any trust except through

an attorney who is a member of the bar of this Court.

## ORDER

Based on the foregoing, Plaintiffs' Motion for Reconsideration (Docket No. 57) is **DENIED**. Pursuant to Local Rule 83.5.3(c), the Court will not accept pleadings filed on behalf of a trust that is a party to this action unless they are submitted by a member of the bar of this Court.

**So ordered.**