MARIA A. KITRAS, trustee,[1] & another[2] *vs.* ZONING
ADMINISTRATOR OF AQUINNAH & others.[3]

No. 06-P-1463.

Middlesex. June 6, 2007. - October 25, 2007.

Present: LENK, ARMSTRONG, & VUONO, JJ.

Further appellate review granted, 451 Mass. 1107 (2008).

*Statute,* Construction. *Subdivision Control,* Appeal, Approval of plan. *Mandamus.*

In an action brought by plaintiffs seeking a judgment declaring that due to a town's inaction, their subdivision plans had been constructively and finally approved and the subject lands were accordingly entitled to the benefit of a zoning freeze pursuant to G. L. c. 40A, § 6, fifth par., the judge did not err in granting summary judgment in favor of the defendants, where the plaintiffs had only constructive approvals under G. L. c. 41, § 81U, and acknowledged that they were unable to secure from the town clerk the certificates necessary under G. L. c. 41, § 81V, to record the subdivisions under G. L. c. 41, § 81X, and secure final approval, without which the zoning freeze could not be triggered. [563-567]

CIVIL ACTION commenced in the Land Court Department on January 26, 2004.

After transfer to the Superior Court Department, the case was heard by *Julian T. Houston*, J., on motions for summary judgment.

*Arthur P. Kreiger* for the plaintiffs.

*Ronald H. Rappaport* for town of Aquinnah & others.

*Eric W. Wodlinger* for Martha's Vineyard Commission.

LENK, J. The two trusts of which the plaintiffs are trustees wish to subdivide the trusts' two parcels of land located in Aquinnah on Martha's Vineyard. Claiming that their subdivision plans had been constructively approved and that the town

[1] Of Bear Realty Trust, and cotrustee of Gorda Realty Trust.

[2] James J. Decoulos, cotrustee of Gorda Realty Trust.

[3] Board of health of Aquinnah; town of Aquinnah; and Martha's Vineyard Commission.

clerk had improperly refused to tender certificates pursuant to G. L. c. 41, § 81V,[4] documenting the constructive approval, the plaintiffs, prior to bringing the present action, brought a mandamus action to compel production of such certificates. On appeal, in an unpublished memorandum and order pursuant to our rule 1:28, we denied the plaintiffs' requested relief because of their unreasonable delay in bringing the mandamus action; the plaintiffs remain without the aforesaid certificates. *Kitras* v. *Town Clerk of Aquinnah*, 61 Mass. App. Ct. 1121 (2004) (*Kitras* v. *Town Clerk*).[5]

The plaintiffs separately brought the instant action seeking, among other things, a judgment declaring that, due to town inaction, their subdivision plans had been constructively and "finally approved," and that the subject lands are accordingly entitled to the benefit of a zoning freeze pursuant to G. L. c. 40A, § 6, fifth par.,[6] even absent certificates from the town clerk

---

[4]General Laws c. 41, § 81V, inserted by St. 1953, c. 674, § 7, provides:

"In case of approval of a plan by action of the planning board, after the expiration of twenty days without notice of appeal . . . or if appeal has been taken after the entry of a final decree of the court sustaining the approval of such plan, the planning board shall cause to be made upon the plan a written endorsement of its approval. In case of the approval of a plan by reason of the failure of the planning board to act within the time prescribed [in G. L. c. 41, § 81U], the city or town clerk shall, after the expiration of twenty days without notice of appeal . . . or, if appeal has been taken, after receipt of certified records of the . . . court . . . indicating that such approval has become final, issue a certificate stating the date of the submission of the plan for approval, the fact that the planning board failed to take final action and that the approval resulting from such failure has become final. The plan bearing such endorsement or the plan and such certificate, as the case may be, shall be delivered by the planning board, or, in the case of the certificate, by the city or town clerk, to the person who submitted such plan."

[5]Other litigation concerning these parcels includes *Kitras* v. *Aquinnah*, 379 F. Supp. 2d 81 (D. Mass. 2005), and *Kitras* v. *Aquinnah*, 64 Mass. App. Ct. 285 (2005), as well as unpublished decisions: Kitras *vs.* Aquinnah, U.S. Ct. App., No. 05-2282 (1st Cir. Dec. 23, 2005), and *Kitras* v. *Conservation Commn. of Aquinnah*, 66 Mass. App. Ct. 1108 (2005).

[6]General Laws c. 40A, § 6, fifth par., as amended by St. 1982, c. 185, provides, in relevant part:

"If a definitive plan . . . is submitted to a planning board for approval under the subdivision control law . . . the land shown on such plan shall be governed by the applicable provisions of the zoning

pursuant to G. L. c. 41, § 81V. The defendants moved success-
fully for summary judgment on all counts.

On appeal, the plaintiffs take the position that their acknowl-
edged inability to secure the G. L. c. 41, § 81V, certificates
necessary to record the subdivisions under G. L. c. 41, § 81X,[7]
presents no impediment to their enjoyment of the eight-year
zoning freeze provided by G. L. c. 40A, § 6. They contend that
the town's inaction on their subdivision plans itself means that
their plans were "finally approved" for purposes of the c. 40A,
§ 6, freeze. Because the motion judge ruled that the zoning
freeze could not be triggered absent the c. 41, § 81V, certificates,
the plaintiffs claim error. We conclude that the judge did not err
in his determination.

Contrary to the plaintiffs' contention, final approval as
contemplated by G. L. c. 40A, § 6, is achieved only with receipt
of an endorsement or certificate pursuant to G. L. c. 41, § 81V;
constructive approval pursuant to G. L. c. 41, § 81U, is not
"final." The plaintiffs here have only § 81U constructive ap-
provals. It is readily apparent that such approvals are not "final"
within the meaning of c. 40A, § 6. See G. L. c. 40A, § 6, fifth
par. (providing for process freeze during pendency of appeal,
and eight-year freeze from date of endorsement of plan that is
"finally approved"). While the plaintiffs' mandamus action
was pending, they had the benefit of a process freeze. See, e.g.,
*Massachusetts Broken Stone Co.* v. *Weston,* 430 Mass. 637
(2000); *Kindercare Learning Centers, Inc.* v. *Westford,* 62 Mass.
App. Ct. 924 (2004). Having failed in their mandamus action,
however, the plaintiffs have not achieved, nor can they ever

ordinance or by-law . . . in effect at the time of the first such submis-
sion while such plan or plans are being processed under the subdivision
control law, and, if such definitive plan or an amendment thereof is
finally approved, for eight years from the date of the endorsement of
such approval . . . ."

[7]General Laws c. 41, § 81X, inserted by St. 1953, c. 674, § 7, provides, in
pertinent part:

"No register of deeds shall record any plan . . . unless . . . (3) the
plan is accompanied by a certificate of the clerk of such . . . town that
it is a plan which has been approved by reason of the failure of the
planning board to act thereon within the time prescribed, as provided in
sections eighty-one U and eighty-one V."

achieve, the final approval required to trigger the eight-year freeze provided by c. 40A, § 6, for subdivision plans that are "finally approved." See *Krafchuk* v. *Planning Bd. of Ipswich, ante* 484, 490 & n.12 (2007) (even assuming constructive approval pursuant to c. 41, § 81U, absent final approval, "no zoning freeze had been secured").

The plaintiffs contend that final approval takes effect automatically, absent an appeal within twenty days of the date of constructive approval. We disagree. See *Krafchuk* v. *Planning Bd. of Ipswich, supra* at 489 ("[c]onstructive approval is not self-actuating"). For example, unlike c. 41, § 81U,[8] where failure of the planning board to act in a timely fashion results in the automatic constructive approval of a definitive subdivision plan,[9] see, e.g., *Kay-Vee Realty Co.* v. *Town Clerk of Ludlow,* 355 Mass. 165, 168 (1969) (concluding that planning board's failure to comply with requirements of § 81U "resulted in a constructive approval of the plan"), under § 81V, final approval of such a plan is not automatic. Section 81V provides that the town clerk shall issue a certificate stating that approval resulting from the planning board's failure to act "has become final"; if the clerk fails to do so, final approval does not automatically take effect. Rather, the applicant must pursue a remedy in mandamus. See *id.* at 169. "When the meaning of a statute is brought into question, a court properly should read other sections and should construe them together . . . ." *LeClair* v. *Norwell,* 430 Mass. 328, 333 (1999), quoting from *Pentucket Manor*

---

[8]See, e.g., G. L. c. 41, § 81U, fifth par., inserted by St. 1986, c. 699, § 2, which provides, in pertinent part:

> "In the case of a subdivision showing lots in a residential zone, where a preliminary plan has been acted upon by the planning board or where at least forty-five days has elapsed since submission of the preliminary plan, an applicant may file a definitive plan. The failure of a planning board either to take final action or to file with the city or town clerk a certificate of such action on the definitive plan within ninety days after such submission . . . *shall be deemed to be an approval thereof*" (emphasis supplied).

[9]*Krafchuk* v. *Planning Bd. of Ipswich, supra,* is not to the contrary. Our conclusion that constructive approval had not taken effect in that case centered on the extension provision of c. 41, § 81U, not at issue here. See *id.* at 488-491.

*Chronic Hosp., Inc.* v. *Rate Setting Commn.*, 394 Mass. 233, 240 (1985). If the Legislature had intended to make final approval under § 81V automatic, it could have done so, employing language similar to that in § 81U.

The filing of the clerk's certificate pursuant to c. 41, § 81V, is no mere formality. The subdivision control scheme establishes "an orderly procedure for definitive action within stated times, and for notice of that action in offices of record within stated times, so that all concerned may rely upon recorded action or the absence thereof." *Selectmen of Pembroke* v. *R. & P. Realty Corp.*, 348 Mass. 120, 125 (1964). Compliance with statutory procedures as they concern documentation evidencing action or inaction is vital insofar as such documentation provides assurance to interested parties that an act has or has not been done. See *Kay-Vee Realty* v. *Town Clerk of Ludlow*, 355 Mass. at 168 (even if planning board had taken "final action" to disapprove plan pursuant to c. 41, § 81U, plan must be considered constructively approved because board failed to file "certificate of such action" as required by that section; court ordered town clerk to issue certificate pursuant to § 81V).

Moreover, under c. 40A, § 6, no eight-year freeze can commence absent an endorsement or certificate pursuant to c. 41, § 81V. General Laws c. 40A, § 6, fifth par., reflects legislative reliance on the statutory scheme set forth in the subdivision control laws. See, e.g., *Falcone* v. *Planning Bd. of Stoughton*, 14 Mass. App. Ct. 950, 950 (1982) (zoning freeze pursuant to c. 40A, § 6, fifth par., "if the words of the statute are to be taken literally, would run not from the date of approval but 'from the date of the endorsement of such approval' "). See also *Vazza* v. *Board of Appeals of Brockton*, 359 Mass. 256, 263-264 (1971) (reciting history of amendments to zoning freeze provision). Compare note 6, *supra* (under current version of c. 40A, § 6, if definitive plan is "finally approved," zoning freeze runs "for eight years *from the date of the endorsement* of such approval"), with St. 1961, c. 435, § 2 (if definitive plan "becomes approved," zoning freeze runs "for a period of five years *from the date of such approval*" [emphasis supplied]).

The "endorsement" of final approval, required by c. 40A,

§ 6, fifth par., to trigger the eight-year zoning freeze, refers to either type of official documentation provided by c. 41, § 81V, i.e., an endorsement from the planning board or a certificate attesting to final approval from the town clerk. General Laws c. 41, § 81V, treats a planning board "endorsement" under the first sentence, and a clerk's "certificate" under the second sentence, as alternative means of achieving final approval of a plan. See, e.g., the third sentence of G. L. c. 41, § 81V: "The plan bearing such endorsement or the plan and such certificate, as the case may be, shall be delivered . . . ." Moreover, "[t]he Subdivision Control Law is a 'comprehensive statutory scheme,' " *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket,* 5 Mass. App. Ct. 206, 208 (1977), quoting from *Costanza & Bertolino, Inc.* v. *Planning Bd. of N. Reading,* 360 Mass. 677, 679 (1971), within which the endorsement of a plan by the planning board and a certificate from the town clerk attesting to constructive approval are functional equivalents: each evidences final approval, triggers the eight-year zoning freeze, entitles the party to record the plan, and triggers definite time periods for appeals. See G. L. c. 41, §§ 81V, 81X, 81BB; G. L. c. 40A, § 6, fifth par.

In the matter before us, we have already determined that the plaintiffs' mandamus action has failed because it was not timely brought. See *Kitras* v. *Town Clerk, supra.* There is, therefore, no further opportunity for the plaintiffs to secure final approval of their subdivision plans, and it is time to bring this matter to a close. Cf. *Chiuccariello* v. *Building Commr. of Boston,* 29 Mass. App. Ct. 482, 489 (1990) (time limits for appeal pursuant to G. L. c. 40A, § 17, indicate Legislature's "concern and intention, that there be both a beginning and an end to th[e appeals] process").

Because the plaintiffs are unable to obtain certificates of final approval pursuant to c. 41, § 81V, the eight-year zoning freeze pursuant to c. 40A, § 6, cannot be triggered as matter of law. Compare *Falcone* v. *Planning Bd. of Stoughton,* 14 Mass. App. Ct. at 950 (planning board correctly declined to endorse plan, and hence, zoning freeze would not apply); *Krafchuk* v. *Planning Bd. of Ipswich, supra* at 490 n.12. There was therefore no error in the judge's allowance of the defendants' motions for

summary judgment.[10] "This being an action for declaratory relief, however, the judgment should have declared the rights of the parties." *McDermott* v. *Watertown Hous. Authy.*, 25 Mass. App. Ct. 995, 996 (1988), citing *Boston* v. *Massachusetts Bay Transp. Authy.*, 373 Mass. 819, 829 (1977). The judgment shall be modified to declare that the plaintiffs are entitled to neither the eight-year zoning freeze provided by G. L. c. 40A, § 6, fifth par., nor the three-year freeze provided by G. L. c. 111, § 127P.[11] As so modified, the judgment is affirmed.

*So ordered.*

---

[10]There is no merit to the plaintiffs' contentions concerning the designation of certain districts of critical planning concern pursuant to St. 1977, c. 831.

[11]The parties and the judge treated the plaintiffs' entitlement to a freeze under G. L. c. 111, § 127P, as controlled in all respects by the decision on their entitlement to a zoning freeze. In so ruling, the motion judge stated that c. 111, § 127P, "provides a similar freeze [to that provided by c. 40A, § 6, fifth par.,] for board of health regulations." Neither party challenges this ruling on appeal, and therefore, it "has become the law of this case" and we have no occasion to consider it. *A.W. Chesterton Co.* v. *Massachusetts Insurers Insolvency Fund*, 445 Mass. 502, 506 (2005).